SAMUEL McCARTNEY et al., Appellants, v. JOHN H. GARNHART, Respondent.

1. *Trade-marks, injunction against use of—What imitation will justify, etc.* — To justify an injunction against a defendant from the use of a certain brand as an alleged counterfeit or imitation of that of plaintiff, it should at least appear that the resemblance between the two brands was sufficiently close to raise the probability of mistake on the part of the public, or design and purpose to mislead and deceive on the part of the defendant.

*Appeal from St. Louis Circuit Court.*

*S. S. Boyd*, for appellants.

I. The imitation of an original trade-mark need not be exact or perfect. It may be limited and partial; nor is it requisite that the whole should be pirated. (44 Mo. 178; 47 Barb. 469; 1 Ch. Ap. Cas. 194.)

II. It is not necessary to show that any one has in fact been deceived; for if the court sees that complainant's trade-marks are simulated in such a manner as probably to deceive customers or portions of his trade or business, the piracy should be checked at once by information. (44 Mo. 178; 2 Sandf. 609; 23 Eng. L. & E. 53–4; 3 Sandf. Ch. 586; 25 Barb. 76; 3 Barn. & Cress. 543.)

*Cline, Jamison & Day*, for respondent.

CURRIER, Judge, delivered the opinion of the court.

The plaintiffs rectify whisky, and brand a class of their goods with a device which they claim as their trade-mark. The device consists of the representation of two anchors placed near together in an upright position, the upper parts inclining outward, with a rope attachment. Over the device, in circular form, are the initials S. McC. The device and letters are stenciled upon the heads of barrels containing a particular article of whisky, known in the trade as "double anchor," or "double anchor whisky."

This suit is brought to enjoin the defendant from using in his whisky trade an alleged counterfeit or imitation of the plaintiffs' brand. The supposed imitation consists of the representation of two picks placed near together in an upright position, with the handles inclining inward. Between the handles is suspended a pair of balances or scales. The defendant's name is placed over the picks, and the words "Old Bourbon" underneath; the whole inscription reading "J. H. Garnhart's Old Bourbon." The defendant stenciled this brand upon the heads of his whisky barrels. He used the whisky thus put up and branded for his mountain trade, and called it "pick brand."

The "picks" in the defendant's brand are claimed to be an imitation of the "anchors" in the plaintiffs' brand. That is the only point of resemblance in the two brands insisted upon. In all other particulars they are wholly dissimilar. The respective brands are transferred to paper and appear in the record, and are explained in the testimony.

The defendant's "picks" resemble the plaintiffs' "anchors"

substantially as a real pick resembles a real anchor of reduced dimensions.   One who would mistake a miner's pick for a diminutive anchor might confound the defendant's brand with that of the plaintiff; and hardly otherwise.   The pick in the defendant's brand is quite as good an imitation of the article intended to be represented as is the anchor in the brand of the plaintiffs of the nautical instrument there sought to be represented.   The resemblance between the two brands is too slight to be likely to mislead; and there is nothing in the testimony which shows that the defendant sought to dispose of his whisky as that of the plaintiffs, or of the plaintiffs' rectification.   No actual fraud is shown; nor is it shown that any one has in fact been misled by the defendant's brand, mistaking it for that of the plaintiffs.   The plaintiffs' case hangs solely upon the supposed resemblance between the defendant's stenciled pick and the plaintiffs' stenciled anchor, and the similarity of uses to which the two were respectively applied.   We can not found upon that resemblance and use the conclusion that the public are likely to be misled by it, to the prejudice of the plaintiffs, or to the prejudice of their customers.

To justify an injunction, as prayed by the plaintiffs, it should at least appear that the resemblance between the two brands was sufficiently close to raise the probability of mistake on the part of the public, or design and purpose to mislead and deceive on the part of the defendant.   Neither sufficiently appears, and the judgment must therefore be affirmed.   The other judges concur.