ROBERT T. SANDERS, Respondent, v. DANIEL JACOB, Appellant.

St. Louis Court of Appeals, December 22, 1885.

1. TRADE NAMES—INJUNCTIONS.—The use of a trade name to designate a business, so like that of another person in the same business as to raise a strong probability of misleading and deceiving the public, or to show a design to so mislead and deceive, will be restrained.

2. ———— LACHES.—Laches of the plaintiff will not avail as a defence in a proceeding to restrain the use of a trade name, where the defendant adopted the name with a fraudulent intent.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

L. D. SEWARD and PRESLEY N. JONES, for the appellant: The names must bear such a resemblance as is calculated to mislead the public generally. The resemblance must be such that ordinary persons proceeding with ordinary care would be deceived. *McCartney v. Garnhart*, 45 Mo. 593; High on Injunction, sects. 691, 1088; *Gilman v. Hunnewell*, 122 Mass. 139; *Wolfe v. Goulard*, 18 How. Pr. 64; *Singer Mf'g Co. v. Wilson*, 3. C. L. J. 706; *Colladay v. Baird*, 4 Phila. 139; s. c. Cox Am. T. M. Cas. 257; *Swift v. Dey*, Cox Am. T. M. Cas. 319; *Walton v. Crowley*, 3 Blatchf. 440. When ordinary attention on the part of customers will enable them to discriminate, the courts will not interfere. *Popham v. Cole*, 66 N. Y. 69. Reasonable diligence must be used for making the application for relief, and proceedings should be instituted at once. High on Injunction, sect. 681; *Isaacson v. Thompson*, 20 W. Rep. 196; *Del. & Hud. Canal Co. v. Clark*, 7 Blatchf. 112; *Amoskeag Mf'g Co. v. Garner*, Cox Am. T. M. Cas. 541.

C. P. & J. D. JOHNSON, for the respondent: The

resemblance between the two names "is sufficiently clear to raise the probability of mistake upon the part of the public, or design and purpose to mislead and deceive upon the part of the defendant," for which reason the injunction was properly granted. *McCartney v. Garnhart*, 45 Mo. 595; *Sanders v. Utt*, 16 Mo. App. 322; *McLean v. Fleming*, 96 U. S. 251, 253 (Bk. 24, L. Ed. 831).

THOMPSON, J., delivered the opinion of the court.

In 1871 the plaintiff began the practice of dentistry at number 820 Washington avenue, in St. Louis, under the business name and style of "New York Dental Rooms." In 1872, he caused the words, "New York Dental Rooms," to be registered as the trade name by which he designated his business. He advertised his business extensively under this name, and, in the course of time, built up a large and lucrative practice, at a cheap scale of prices, principally among laboring people.

In 1880 or 1881, the defendant opened a dental establishment at number 808 Washington avenue, a few doors east of the plaintiff's on the same side of the street, under the name of the "Newark Dental Rooms." About two months prior to the bringing of the present action, the defendant removed from that number to a place but two doors from the place of business of the plaintiff, a single shop or store separating them. He displayed signs bearing the words "Newark Dental Rooms," similar in appearance to the signs of the plaintiff. He used a printed form of contract with his customers which bore a marked resemblance to that used by the plaintiff. Persons in search of the plaintiff's establishment for the purpose of having work done sometimes went into the Newark Dental Rooms by mistake and had the work done there. After the defendant established this business with this sign and trade name near the plaintiff, the plaintiff's business fell off to an appreciable extent. Aside from the resemblance of the defendant's trade

name and sign to that of the plaintiff, the evidence gives us the impression that it was adopted for the purpose of deceiving the public and attracting the customers of the plaintiff into the establishment of the defendant, and that this purpose was known and participated in, not only by the defendant but by some of his employes. These facts were shown by the plaintiff's witnesses, and the defendant offered no evidence of any kind.

Upon this state of case, upon a petition in equity by the plaintiff, a decree was rendered perpetually enjoining the defendant from in any manner using the word "Newark," or any word similiar in sound or appearance to the word "New York" in or upon any sign, card, or advertisement, or otherwise in connection with or in carrying on the practice of dentistry in the city of St. Louis. From this decree the defendant prosecutes this appeal, urging that there is no equity on the face of the petition; that the facts do not justify the relief granted, and that the plaintiff's right to relief is barred by his laches in not making objection sooner.

We are of opinion that the decree is right and that it should be affirmed. The case falls within the rule stated in *McCartney v. Garnhart* (45 Mo. 593), that to justify an injunction in such a case it should appear that the resemblance between the two trade marks or trade names is sufficiently close to raise a probability of mistake on the part of the public, or to show a design to mislead and deceive on the part of the defendant. In the case of the "*What Cheer Restaurant*," which was analogous to the present case, we applied this rule and sustained an injunction. *Gamble v. Stevenson*, 10 Mo. App. 581; see, also, *Sanders v. Utt*, 16 Mo. App. 322.

In the present case both of these elements concur. There was sufficient resemblance between the two signs to raise a probability of mistake on the part of the class of customers that frequented the plaintiff's place of business. The evidence further shows that such mistakes actually occurred. It further satisfies us that the defendant intended that they should occur.

The question of laches would be a serious one if there were no element of fraud in the case on the part of the defendant. The statute of limitations does not in terms apply to a case of this kind, nor in applying the doctrine of laches is the analogy of the statute of limitations necessary to afford the rule of decision. If the defendant had adopted this trade name innocently, and had gone on honestly practicing his trade under that name for four years, without objection on the part of the plaintiff, and had built up an extensive business under that name, we should say that it would be contrary to the maxims of equity to enjoin him from further practicing under that name, at the suit of the plaintiff, at this late day. But where the element of fraud supervenes, lapse of time does not purge the defendant's conduct of this taint. The wrong is a continuing one; the injury done to the plaintiff and the deception practiced upon the public, both of which the law takes into consideration in these cases, accumulate. Then, if the defendant at a recent period of time aggravates the wrong, as he is shown to have done in this case, by moving his place of business still nearer to that of the plaintiff, and by there erecting signs similar in appearance to those of the plaintiff, it makes, we think, a plain case for equitable interposition.

The judgment of the court will be affirmed. It is so ordered. All the judges concur.