### In re SCHOLL MFG. CO., Inc.

(Court of Appeals of District of Columbia. Submitted May 13, 1920. Decided June 2, 1920.)

No. 1314.

Trade-marks and trade-names 3 (4)—Mark to designate instep supports, consisting of hand holding up arch support and foot, is descriptive.

A mark to designate instep supports, consisting of a hand holding up an arch support and foot, held merely descriptive, and not entitled to registration as a trade-mark, under Act Feb. 20, 1905, c. 592, § 5 (Comp. St. § 9490), although it had been extensively used by the applicant.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Commissioner of Patents.

In the matter of the application of the Scholl Manufacturing Company, Incorporated, to have registered a trade-mark for instep supports. From a decision rejecting the application, applicant appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

T A. Hostetler, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Scholl applied to have registered as a trade-mark for instep supports a drawing of which this is a copy:

He alleged use of the mark from 1912. In the statement accompanying the application, he said that he made no claim to the representation of the arch support. The application was rejected on the ground that the mark was a descriptive device. The trade-mark statute (33 Stat. 724, c. 592, § 5 [Comp. St. § 9490]) declares that "no mark which consists merely * * * in words or devices which are descriptive of the goods with which they are used" shall be registered. The mark of the applicant is a device, and is merely descriptive. We agree with the examiner of trade-marks and designs that it is—

"an apt and convenient way of describing the characteristics of the arch support and of the benefits to be derived from using the same, and it would be most natural for other manufacturers to use or want to use the same sort of picture to describe or advertise a similar mark."

The disclaimer does not help the applicant, for two reasons: (1) What would remain after the representation of the arch support had been removed would not be the mark which he had used on his goods, but only a part of it. It would be a different mark, one that he had not used, and hence he would not be entitled to register it. Id. § 1. (2) Even if that were not so, the remaining part would "still inform the beholder," as the Assistant Commissioner ruled, "that the goods so marked were supports for the instep," and hence would be descriptive.

It is immaterial that the device has been extensively used by the applicant, or that several traders have not heard of its being used by others; for these things do not tend to prove, even in the least, that it is not descriptive. Being descriptive, the statute forbids its registration.

The decision of the Commissioner of Patents is affirmed.

Affirmed.