## CITY OF NEW YORK v. FEDERAL RADIO COMMISSION.

Court of Appeals of District of Columbia. Argued October 10, 1929. Decided November 4, 1929.

No. 4898.

Herbert L. Davis, of Washington, D. C., and J. A. Devery, of New York City, for appellant.

Bethuel M. Webster, Jr., Paul M. Segal, and Elmer W. Pratt, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This is an appeal from an order of the Federal Radio Commission denying appellant's application for a modification of its existing station license. The controversy relates to an order of the Commission whereby appellant's radio broadcasting station was denied the right to operate for full time, and was required to "share time" equally with station WMCA.

It appears that in the year 1924 a license was granted by the Secretary of Commerce, under the Radio Act of 1912 (37 Stat. 302 [47 USCA §§ 51–60]), granting permission to the city of New York to operate a radio broadcasting station in that city. The license was for three months, the call letters were WNYC, the frequency was 570 kilocycles, and the station was to be allowed full and unlimited time of operation.

This license was renewed from time to time by the Secretary of Commerce and the Federal Radio Commission respectively, upon the same terms, until in the year 1928. The Commission then made a revised allocation of all the broadcasting stations in the country, as to their frequencies, power, and time of operation. As part of this revision station WNYC was given the same frequency as before, but was denied full-time operation, and was required to share time equally with station WMCA. The latter station had its studio in New York and its transmitter in New Jersey, and operated at the same frequency as station WNYC. Pursuant to this assignment the Commission issued a renewal license to appellant, subject to the condition that it share time with WMCA.

Appellant thereupon applied for a modification of this license, and requested that station WNYC be given unlimited time of operation, as before. The application was duly heard by the Commission after notice to appellant and to station WMCA, both of whom appeared and submitted evidence and arguments. The Commission thereupon decided that public interest, convenience, and necessity required that operating time should be equally divided between the two stations as provided by the license, and accordingly overruled the application. This appeal was then taken under section 16 of the Radio Act of 1927, 44 Stat. 1169 (47 USCA § 96).

It is contended by appellant that it has acquired a property right to operate its station at full time, and that the restriction imposed by the Commission's present order amounts to a taking of appellant's property without due process of law, in violation of the Constitution of the United States.

We do not agree with this contention. In our opinion the interstate broadcasting of radio communications is a species of interstate commerce, and as such is subject to federal regulation. Whitehurst v. Grimes (D. C.) 21 F.(2d) 787; United States v. American Bond & Mortgage Co. (D. C.) 31 F.(2d) 448; General Electric Co. v. Federal Radio Commission, 58 App. D. C. 386, 31 F.(2d) 630; Davis, Law of Radio, 71; Zollman, Law of the Air, 102, 103. In the exercise of this authority Congress has imposed upon the Federal Radio Commission the duty of classifying radio stations, of assigning bands of frequency to the various classes of stations and for each individual station, and of determining the power which each station shall use and the time during which it may operate. Section 4 (a) and (c), Radio Act of 1927 (47 USCA § 84(a) and (c). This regulation must deal with the broadcasting system as a whole, of which each station is only a unit, and must have as its purpose the promotion of the public interest, convenience, and necessity. It is manifest that in the performance of this duty the Commission must at times limit the operation of some of the stations in the public interest. The appellant's rights, like those of other stations, are made subject to this authority by the statute, and also by the express terms of its license.

Appellant contends that the Commission lacks authority to prohibit the full-time operation of station WNYC because appellant is a municipal corporation and the operation of the station is a governmental function.

This contention cannot be sustained. It is true that appellant is a municipal corporation, but in the operation of its radio station it exercises private, and not governmental, powers, and accordingly is not acting as a municipal corporation but as a corporate legal individual. Vilas v. Manila, 220 U. S. 345, 356, 31 S. Ct. 416, 55 L. Ed. 491; 43 C. J. 182, 183. Moreover, even if station WNYC is partly used for governmental purposes, the use is nevertheless subject to the regulatory control exercised over the national broadcasting system which is vested by statute in the Federal Radio Commission. Brennan v. Titusville, 153 U. S. 289, 14 S. Ct. 829, 38 L. Ed. 719; Illinois Central R. Co. v. Illinois, 163 U. S. 142, 16 S. Ct. 1096, 41 L. Ed.

107; Atlantic Coast Line v. Wharton, 207 U. S. 328, 28 S. Ct. 121, 52 L. Ed. 230; Kansas City Southern Ry. Co. v. Kaw Valley Drainage District, 233 U. S. 75, 34 S. Ct. 564, 58 L. Ed. 857.

Appellant contends that the order appealed from is arbitrary and unreasonable, and that the rules and procedure of the Commission pursuant to which the order was made are likewise arbitrary and unreasonable, and in violation of the Federal Radio Act.

We shall not undertake herein to discuss the voluminous testimony which was heard by the Commission. We content ourselves with saying that in our opinion the decision in question is sustained by the evidence and is reasonable and just. The Commission found that under the revised allocation of stations it was impracticable to grant the application of station WNYC for full operating time without the complete elimination of station WMCA. The latter station serves the same public as the former, and has won the public esteem by the high character of its service. It is believed that the stations may without substantial prejudice severally continue their public service under the present arrangement.

We find furthermore that the procedure pursued by the Commission in hearing appellant's application was fully authorized by the statute, and are also convinced that the record sufficiently covers the issue herein, and that no additional testimony need be heard.

Appellant presents other complaints against the decision of the Commission, and we have considered them. But upon consideration of the entire record we are convinced that the decision should be, and it is, affirmed.