RIT PRODUCTS CORPORATION v. PARK & TILFORD.

Patent Appeal No. 2853.

Court of Customs and Patent Appeals.

Feb. 8, 1932.

HATFIELD, Associate Judge, dissenting.

George E. Mueller, of Chicago, Ill., and Calvin T. Milans and Joseph Milans, both of Washington, D. C. (John J. McLaughlin, Edward S. Rogers, Allen M. Reed, and William T. Woodson, all of Chicago, Ill., of counsel), for appellant.

Henry M. Wise, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On April 27, 1928, the appellee, Park & Tilford, filed its application in the United States Patent Office for registration of a trade-mark used by it in connection with the sale of a product for removing color from dyed materials, which product was sold under the trade-name of "Tintex." The mark proposed to be so registered consisted of a sketch showing a woman holding up in her hands a piece of colored clothing, and immediately to the right the same woman holding up in her hands the same garment, with the color removed. Each figure was inclosed by a border, square with scalloped corners, the right square slightly overlapping the left. Above the first figure was the word "Before" and above the other the word "After." The words "Before" and "After" were disclaimed by applicant, in the Patent Office, apart from the mark.

The appellant, Rit Products Corporation, filed notice of opposition, claiming to be a manufacturer of goods of the same descriptive properties, and that it had used and was using figures of a similar character in advertising its product, and that it would be damaged by the proposed registration.

The Examiner of Interferences dismissed the notice of opposition, which decision, upon appeal, was affirmed by the Commissioner.

The error principally relied upon by appellant is that the mark proposed to be registered is descriptive and not subject to registration under the language of section 5 of the Trade-Mark Act of Feb. 20, 1905 (33 Stat. 724 [15 USCA § 85]), as follows: "Provided, That no mark which consists merely * * * in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, * * * shall be registered under the terms of this subdivision."

As early as Canal Company v. Clark, 13 Wall. 311, 322, 20 L. Ed. 581, the Supreme Court discussed the general subject of trademark rights and indicated some, at least, of said rights which might be protected in equity. There it was said:

"* * * The office of a trade-mark is to point out distinctively the origin, or ownership of the article to which it is affixed; or, in other words, to give notice who was the producer. This may, in many cases, be done by a name, a mark, or a device well known, but not previously applied to the same article. * * *

"And there are two rules which are not to be overlooked. No one can claim protection for the exclusive use of a trade-mark or trade-name which would practically give him a monopoly in the sale of any goods other than those produced or made by himself. If he could, the public would be injured rather than protected, for competition would be destroyed. Nor can a generic name, or a name merely descriptive of an article of trade, of its qualities, ingredients, or characteristics, be employed as a trade-mark and the exclusive use of it be entitled to legal protection. * * * He has no right to appropriate a sign or a symbol, which, from the nature of the fact it is used to signify, others may employ with equal truth, and therefore have an equal right to employ for the same purpose."

This doctrine was reiterated in Beckwith v. Com'r, 252 U. S. 538, 40 S. Ct. 414, 64 L. Ed. 705.

The United States Circuit Court of Appeals of the Eighth Circuit, in Brennan v. Emery-Bird, etc., 108 F. 624, 627, gave this lucid interpretation of the rule: "* * * It is one of the fundamental rules of the law of trade-mark that words, and even symbols, which are descriptive of the kind, quality, nature, properties, or place of manufacture of an article to which the words are applied cannot be appropriated as a trade-mark, as respects that article, because other persons who manufacture or produce the same article may have occasion to make use of the same words or symbols to describe their own products, and they are entitled to the free use of apt language and symbols for that purpose. No person or corporation can acquire, even by long-continued use, a monopoly of words or signs which are essentially descriptive of the article to which they are ap-

plied. If a manufacturer desires to obtain an exclusive right to the use of words or symbols to indicate the origin of his goods, and to identify them, he must choose words or symbols which, as respects the article to which he applies them, are arbitrary or fanciful in the sense that they do not describe its kind, quality, properties, or the place where it is manufactured."

A very illuminating discussion of the equitable rights involved in such matters will be found in Liggett & Myers Tob. Co. v. Reid, 104 Mo. 53, 15 S. W. 843, 24 Am. St. Rep. 313.

Less the words disclaimed, the mark here proposed to be registered discloses to the person who observes it the operation of removing color from a garment. Even to the mere child, or to the person who could not read, this would be the idea conveyed. The mark is, therefore, descriptive "of the character or quality" of the color remover with which the mark is used, just as fully and completely as if the words had been used: "It removes the color." In no respects does this mark distinguish appellee's mark from other goods of the same descriptive properties, for they also will perform a like function.

Some cases decided under the said statute of 1905 strongly suggest the descriptiveness of the mark in question here.

In re Schweinfurter, etc., 38 App. D. C. 279, involved a proposed trade-mark consisting of a figure representing an annular ball bearing, intertwined with the letters "F & S," which mark was used on ball bearings and similar goods. The Court of Appeals held the mark to be descriptive.

In In re Motz Tire & Rubber Co., 40 App. D. C. 487, the proposed mark was a view of a clincher rim with a tire thereon, the word "Cushion," and a perspective view of a portion of an automobile wheel with a tire thereon, passing over an obstruction, with an arrow indicating direction. Disclaimer was filed as to the word "Cushion," the representation of the tire, the arrow, the obstruction, and the ground, apart from the mark. The mark was held to be descriptive.

In re Scholl Mfg. Co., 50 App. D. C. 46, 267 F. 348, involved the proposed registration of a mark for instep supports, which consisted of a representation of a human hand holding up a foot resting upon an arch support. Disclaimer was filed as to the arch support. The mark was held to be merely descriptive.

While it may be said that these cases do not meet the issue presented, in that the marks in the various cases cited were representations of the goods themselves, still the statute makes no distinction between such cases and those where the quality or characteristics of the goods are described. It would be surely going beyond the legislative intent, when this helpful statute was enacted, to so construe it that one manufacturer of a product might, by a registration of a mark under it, prevent all other manufacturers of this product from advertising and making known to the trade, by illustration or otherwise, the qualities, characteristics, and uses of their goods.

The decision of the Commissioner of Patents is reversed, and the opposition will be sustained.

Reversed.

HATFIELD, Associate Judge, dissents.