## CITY OF NEW YORK, DEPARTMENT OF PLANT AND STRUCTURES (STATION WNYC) v. FEDERAL RADIO COMMISSION.

### No. 5695.

Court of Appeals of the District of Columbia.

Argued Feb. 7, 1933.

Decided April 3, 1933.

Edward F. Joyce, Jr., of New York City, for appellant.

D. M. Patrick, T. P. Littlepage, Paul D. P. Spearman, and John M. Littlepage, all of Washington, D. C., William Weisman, of New York City, and Fanney Neyman, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This appeal is from a decision of the Federal Radio Commission granting licenses to Knickerbocker Broadcasting Company, Inc.

(WMCA); Eastern Broadcasters, Inc. (WPCH), and WNYC, owned, operated, and controlled by the city of New York, through its Department of Plant and Structures.

The licenses issued to WMCA and WNYC, and on which they had been operating, gave each station full time on the frequency 570 kilocycles on alternate days beginning November 12, 1928. These licenses contained the following important provision: "This time division subject, however, to any division of time mutually agreed upon between said stations." It appears that these two stations have never operated on alternate days, but under a mutual agreement between them the time of each day except Sunday, on which WNYC did not operate, was divided. Station WPCH had been operating on the frequency 810 kilocycles, with 500 watts power until sunset, at Minneapolis, Minn.

The Commission, on hearing, entered the order here appealed from on May 6, 1932, by which the license of Knickerbocker Broadcasting Company, Inc. (WMCA), was renewed; the application of Eastern Broadcasters, Inc. (WPCH), was granted for a modification of station license, so as to operate on the frequency 570 kilocycles to share time with WMCA on the same division of time formerly accorded WNYC; and station WNYC was transferred to the frequency 810 kilocycles. The power output of 500 watts under which the parties had operated remained unchanged.

The Commission, in its findings of fact, approved the service rendered by stations WMCA and WPCH, and found that they were financially well qualified to continue rendering valuable service; that they are controlled by the same interests, operated under the same management and policies; and that to permit "the operation of both stations upon the same frequency, allowing for all practical purposes the operation of one unlimited-time station, will permit a more efficient use of existing broadcast facilities." They further found that by the transfer of the assignment heretofore licensed to WPCH to station WNYC "will enable the latter station to operate seventy hours per week more than its present schedule allows, and twenty-two hours per week more than the schedule proposed by the WNYC representatives. Moreover, it appears that such a transfer will permit the licensee of WNYC to render any substantial service heretofore rendered or proposed to be rendered."

A review of the action of the Radio Commission requiring WNYC to share time equally with station WMCA was before this court on appeal, City of New York v. Federal Radio Commission, 59 App. D. C. 129, 36 F.(2d) 115, in which the action of the Commission was affirmed. The appeal of the city of New York in that case was not sustained for the reason that under the findings of the Commission the court was convinced that public interest, convenience, and necessity required that operating time should be equally divided between the stations WNYC and WMCA. There is nothing in the present case which indicates that appellant is placed at any disadvantage. Indeed, from an examination of the record it would seem that the present license granted is materially to its advantage.

The decision of the Commission is affirmed.