THOMAS PATRICK, INC., a Corporation, Appellant, v. KWK INVEST-MENT COMPANY, a Corporation, CARL WEBER, EDWARD KRANZBERG and JULIUS KRACHMAINICK.—No. 40329.—206 S. W. (2d) 359.

Division Two, December 8, 1947.

*Paul D. Clerk* and *Richard A. Austin* for appellant.

102

*Sam Weber* for respondents.

[359] BARRETT, C.—Since 1927 the plaintiff and its predecessor have operated a radio broadcasting station from the Chase Hotel in St. Louis under the call letters KWK and the station has become known as "Radio Station KWK." In January 1946 the "KWK Investment Company" was incorporated under the laws of Missouri. The purpose of the corporation, as expressed in its charter, is to engage in the general real estate business and to operate hotel and apartment properties. The corporation now owns and operates the "Timberly Hotel" in St. Louis. In this action the plaintiff sought, unsuccessfully, to enjoin the defendant corporation and its three incorporators from using the letters "KWK" in its corporate name and business.

Upon this appeal the defendants, who prevailed in the trial court, have failed to file a brief or make an appearance. In consequence we have no way of knowing what the defendants' theory is. The petition consists of twenty-one numbered paragraphs and the answer admits, by their numbers, the allegations [360] of certain of the paragraphs and generally denies the allegations of other numbered paragraphs. The case was submitted to the trial court upon a "Stipulation of Facts" consisting of twenty-two numbered paragraphs. The result is that the issues in this case were not clearly and precisely formulated or developed. Annotation 148 A. L. R., 1. c. 35.

The trial court was of the view that the good will of the plaintiff had not been impaired or damaged, and would not in the future suffer injury, by reason of the defendants' use of the name "KWK Investment Company." The court was of the view that the defendants'. use of the letters KWK in its corporate name was not confusing to the public and did not mislead or tend to mislead the public into believing that the plaintiff was the source of, the sponsor of or in any way associated with or connected with the business of the defendants and therefore denied injunctive relief.

As a preliminary it should be noted that it is not a necessary prerequisite to relief in cases of this nature that someone, in point of fact, has been deceived (Liggett & Myers Tobacco Co. v. Sam Reid Tobacco Co., 104 Mo. 53, 60, 15 S. W. 843, 844) or that the plaintiff,

in point of fact, has sustained an actual loss of business, injury to good will or damages. Standard Oil Co. of New Mexico v. Standard Oil Co. of California, 56 F. (2d) 973. It is no longer necessary that the parties be engaged in competitive businesses (Vogue Co. v. Thompson-Hudson Co., 300 F. 509) or that an actual diversion of business be shown. Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, 20 F. Supp. 703, 704. At least in some spheres of activity, nowadays, a plaintiff's trade name is entitled to protection against a subsequent user of the name if the designation complained of is so similar to the plaintiff's trade name that there is reasonable likelihood of confusion of source, such that prospective purchasers or clients are likely to regard the name as indicating the source identified by the name and consequently future injury to good will, reputation or business. 52 Am. Jur., Sec. 98, p. 577; Annotation 148 A. L. R., l. c. 22-26, 66-76; 37 Col. L. R. 582. Such "Threatened future injury is sufficient basis for relief." 2 Nims, Unfair Competition, Sec. 365. The issue is one of fact and each case presents a unique problem which must be determined upon its particular facts and the weight of conflicting interests. 148 A. L. R., l. c. 26, 78; Emerson Electric Mfg. Co. v. Emerson Radio & P. Corp., 105 F. (2d) 908, 910. The instances in which names have been protected and the instances in which protection has been denied are collected in the annotations: 148 A. L. R., l. c. 81-90; 66 A. L. R. 948; 115 A. L. R. 1241.

It was stipulated that the plaintiff's daily broadcasts consist of commercial and sustaining programs, each program broadcast being preceded and followed by the announcement of its call letters, "KWK." The station is affiliated with the Mutual Broadcasting System over which some of its programs are broadcast and identified. It was stipulated that the plaintiff had spent approximately $250,000 in advertising Radio Station KWK and the call letters "KWK" which constitute the plaintiff's trade name. The individual defendants—incorporators, Edward Kranzberg, Carl Weber and Julius Krachmainick, stipulated that for more than twenty years they had owned radio receiving sets and were familiar with KWK and its programs. The letters "KWK" in the name of the corporate defendant, KWK Investment Company, was derived by combining the surname initials of the individual defendants. The defendants have not as yet advertised their business under the corporate name and the name is not displayed upon its Timberly Hotel but "The defendants intend that the corporate defendant shall in the future engage in the business of buying and selling real estate and making loans thereon and operating hotels in the City of St. Louis." In addition to the stipulations relating to the plaintiff's business in general, it was specifically stipulated that "Many sponsors advertise their products through the use of plaintiff's radio broadcasting facilities,

selling a large variety of property and services. *Sponsors* utilizing the broadcasting facilities of plaintiff for advertising purposes *include persons, firms and corporations engaged in* [361] *buying, selling and dealing in real estate and in owning and operating hotels.*"

The call letters "KWK" were assigned to the plaintiff radio station by the Federal Communications Commission. 47 U. S. C. A. Sec. 303(o) (p). Among other purposes they serve to identify the source of messages (Dill, Radio Law, p. 51) and, as stipulated, they constitute the station's trade name. 1 Nims, Unfair Competition, Sec. 198, p. 535. As of course the plaintiff has a protectible interest in the letters. Bamberger Broadcasting Service v. Orloff, 44 F. Supp. 904. As to the defendants' corporate name there is a distinction between the right of an individual to use his name in his personal business and the right to use individual initials in a corporate name. Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, 20 F. Supp. l. c. 706. No other reason was given for the use of the letters "KWK" in the corporate name than that they comprise the incorporators' surname initials. Since they have not advertised the name or used it extensively in their business, it will be a relatively simple matter to change it if its stipulated use is likely to result in confusion of source and impinge the plaintiff's good will. Standard Oil Co. of New Mexico v. Standard Oil Co. of California, supra.

It is suggested, in cases of this type, that perhaps radio broadcasting stations and magazines should have a status different from that of ordinary manufacturers or businesses because they advertise many things and thus acquire and have a character independent of but embracing all their advertisers. Consider Hanson v. Triangle Publications, 163 F. (2d) 74; Vogue Co. v. Thompson-Hudson Co., supra; Bamberger Broadcasting Service v. Orloff, supra and 2 Nims, Unfair Competition, Sec. 279. But, regardless of the validity and soundness of differentiating radio stations and other activities, it is clear, under the stipulation in this case, that the plaintiff is entitled to relief even under the more conservative view of trade name protection. 52 Am. Jur., Secs. 96-100, pp. 575-580; 3 Restatement, Torts, Secs. 711, 717, 728-732. The defendants are to engage in the general real estate business and the operation of hotels "together with all normal and usual incidents thereto" in St. Louis. It was stipulated that "persons, firms and corporations engaged in buying, selling and dealing in real estate and in owning and operating hotels" advertise and sponsor programs over the plaintiff's broadcasting station. It was agreed that many of the plaintiff's sponsors "advertise in newspapers calling attention to the radio programs advertising their products over 'KWK.'" In these circumstances, if the defendants pursue their contemplated course, there is not only the mere likelihood of future confusion of source and consequent injury to good will and reputation but there is also an element of competition of service and

business and the designation used by the defendants in their business is ''likely to be regarded by prospective purchasers as associated with the source identified by the . . . trade name.'' 3 Restatement, Torts, Sec. 730. It necessarily follows, even under the more conservative theories of trade name protection, that the plaintiff has established its right to relief. Vogue Co. v. Thompson-Hudson Co., supra; Mary Muffet, Inc., v. Smelansky, (Mo. App.), 158 S. W. (2d) 168. In Bamberger Broadcasting Service v. Orloff, supra, it was held that the owner of radio station WOR was entitled to relief against the WOR Printing Company even though there was no competition of services or business on the ground that the plaintiff's good will was likely to be endangered by the defendant's use of the plaintiff's good name. See also Hanson v. Triangle Publications, supra; Great Atlantic & Pacific Tea Co. v. A. & P. Radio Stores, supra, and the annotation 148 A. L. R., p. 12.

Accordingly the judgment is reversed and the cause remanded for further proceedings consistent with this opinion. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.