## CHICAGO FEDERATION OF LABOR v. FEDERAL RADIO COMMISSION (ATLASS CO., Inc., Intervener).

### No. 4972.

Court of Appeals of District of Columbia.

Argued April 7, 1930.

Decided May 5, 1930.

Thomas E. Lodge and Maurice Rabinovitz, both of Washington, D. C., and Hope Thompson, of Chicago, Ill., for appellant.

Bethuel M. Webster, Jr., Paul D. P. Spearman, Ralph L. Walker, Thad H. Brown, Thomas P. Littlepage, and John M. Littlepage, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from an order of the Federal Radio Commission denying an application of the Chicago Federation of Labor for a modification of the broadcasting license of station WCFL.

It appears from the record that station WCFL was constructed in the year 1926 under a license issued by the Department of Commerce to the Chicago Federation of Labor, authorizing it to broadcast upon a frequency of 610 kilocycles. In November, 1928, the Federal Radio Commission ordered the station to operate on frequency 970 kilocycles, with power of 1,500 watts, with daytime operation only, and not to broadcast in the evening later than sunset on the Pacific Coast. The station has since continued to broadcast subject to these conditions.

In October, 1928, the station filed an application for a modification of its license whereby its frequency should be changed from 970 kilocycles to 770 kilocycles, its power increased from 1,500 watts to 25,000 watts, and unlimited time of operation should be granted to it. The application was heard upon evidence by the Commission and was overruled. The present appeal from that ruling was taken under section 16, Radio Act of 1927, 44 Stat. 1162 (47 USCA § 96).

It appears from the record that frequency 770 kilocycles, which appellant is applying for in this proceeding, is a cleared channel allocated by the Commission to the Fourth Zone. That zone includes the states of Illinois, Nebraska, Indiana, Wisconsin, North Dakota, Minnesota, South Dakota, Iowa, Kansas, and Missouri. The allocation was made on September 8, 1928, pursuant to the Commission's General Order No. 40, promulgated by authority of the Radio Act of 1927, as amended by the Act of March 28, 1928, 45 Stat. 373 (47 USCA § 81 et seq.). Under the provisions of this allocation, frequency 770 was granted to station WBBM owned by the Atlass Company, Inc., of Chicago, with power of 25,000 watts, with the

privilege of operating four-sevenths time; and the remaining three-sevenths time upon the frequency was granted to station KFAB, located at Lincoln, Neb., owned by the Nebraska Buick Auto Company, and operated with 5,000 watts power. The latter station is the only one which operates in the state of Nebraska with high power upon a cleared channel.

It is manifest that if the frequency in controversy, to wit, 770 kilocycles, be granted to station WCFL for full time operation as contended for by that station, it means that stations WBBM and KFAB shall be denied the use of the frequency which they have hitherto enjoyed, without being given any substitute therefor in this proceeding. In the present overcrowded condition of the broadcast band, and in view of the fact that the Fourth Zone already enjoys more than its proportionate share of cleared channels, the result would be that these two stations would be deprived of the broadcasting privileges now enjoyed by them, with but little hope for improvement in the future.

The record discloses that station WBBM is an entirely independent station, representing an investment of $150,000, and expending approximately $300,000 a year for operating expenses. It began broadcasting in November, 1923, and has in all respects and at all times scrupulously obeyed the law and rules governing broadcasting. It has always rendered and continues to render admirable public service. The station has consistently furnished equal broadcasting facilities to all classes in the community, and has won the favor and esteem of the public. Its commendable career entitles it to consideration. The career of station KFAB is equally meritorious.

The past record of station WCFL has not been above criticism. It is conceded that it has not attained to the usefulness which its managers desire. They insist, however, that this has resulted from the time limitation imposed upon the station in the past, and promise greater usefulness if the station be granted full time of operation for the future. It is claimed on behalf of the station that it will serve as the broadcasting agency of the labor organizations of the country, and that in view of the large membership and public importance of these organizations they should be granted a station of their own upon a desirable frequency without time limitation for operation.

The question arises whether under these circumstances the public convenience, inter-est, or necessity would best be subserved by granting the frequency in question to WCFL at the expense of the other two stations, or by leaving the three stations without change in the possession of the privileges which they have hitherto enjoyed. The Commission decided to adopt the latter course, and in our opinion this was the correct decision.

 It is not consistent with true public convenience, interest, or necessity, that meritorious stations like WBBM and KFAB should be deprived of broadcasting privileges when once granted to them, which they have at great cost prepared themselves to exercise, unless clear and sound reasons of public policy demand such action. The cause of independent broadcasting in general would be seriously endangered and public interests correspondingly prejudiced, if the licenses of established stations should arbitrarily be withdrawn from them, and appropriated to the use of other stations. This statement does not imply any derogation of the controlling rule that all broadcasting privileges are held subject to the reasonable regulatory power of the United States, and that the public convenience, interest, and necessity are the paramount considerations.

Accordingly, in our opinion no part of the privileges now held by stations WBBM and KFAB under the government's prior licenses should be taken from them, nor their usefulness impaired, upon the showing made by this record.

 The appellant complains of the procedure adopted by the Commission in hearing its application. It is assigned as error that the Commission required appellant to designate a single frequency in its application for modification of its license, whereby the proceeding was virtually converted into a contest with stations WBBM and KFAB as to the use of that frequency.

In our opinion this procedure was not erroneous. Under section 4(f) of the Radio Act of 1927 (47 USCA § 84(f), the Commission is authorized to make such regulations not inconsistent with law as it may deem necessary to prevent interference between stations and to carry out the provisions of the act. It is necessary that when a broadcasting station applies for the assignment of some other frequency to take the place of that already allotted to it, the station shall first determine what frequency it desires to apply for, and shall specify it in its application, in order that the Commission may be advised of the exact force and effect of the application. The number of available broad-

casting frequencies is limited, and they are so interrelated that none can be considered wholly without reference to others. It is necessary in the interests of justice that if new allotments are to be considered which may substantially affect those already granted to other stations, the latter should be notified and be permitted to intervene in the proceeding. The record in the present case exemplifies this statement.

The decision appealed from is affirmed.