## DAVIDSON v. FEDERAL RADIO COMMISSION (CONGRESS SQUARE HOTEL CO., Intervener).

### No. 5528.

Court of Appeals of the District of Columbia.

Argued April 4, 1932.

Decided May 16, 1932.

Howard S. Le Roy, of Washington, D. C., for appellant.

Bethuel M. Webster, Jr., and Paul M. Segal, both of Washington, D. C., for intervener.

Thad. H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant, James E. Davidson, is the owner and operator of broadcasting station WBCM, located at Bay City, Mich. Since November 11, 1928, this station has been licensed to operate with the use of 500 watts power, unlimited hours of operation, and upon the frequency of 1,410 kilocycles.

On March 7, 1931, appellant filed its amended application with the Federal Radio Commission, for a change of frequency from 1,410 kilocycles to 940 kilocycles, without change of power or time of operation. It was stated by appellant that the frequency 1,410 failed to cover Michigan satisfactorily, due in part to local peculiarities and in part to the heterodyne of other stations on that wave length. It was added that past experiences had demonstrated that 940 kilocycles would produce more satisfactory results than the established frequency. Appellant also complained that a large number of additional broadcasting stations had been granted the frequency 1,410 kilocycles after appellant was first placed upon that frequency, resulting in great interference with the service of station WBCM.

Appellant's application was regularly designated for hearing at a time certain, with special reference to whether the proposed change of frequency would result in interference with other stations on 940 kilocycles or adjacent frequencies. Appellant was required to serve written notice of the hearing upon numerous other broadcasting stations, among which were WHA of Madison, Wis., WFIW of Hopkinsville, Ky., WCSH of Portland, Me., and WWJ of Detroit, Mich. The stations so named appeared at the hearing, and contested the granting of the application. Their opposition was based upon the claim that the proposed change of frequency would result in serious interference with the operation of their broadcasting stations.

The issue was heard upon the testimony by an examiner, who reported adversely to the application. The examiner said, in part: "It is considered that any possible improvement in the service of WBCM resulting from the granting of this application, would be far outweighed by the adverse effect it would have on other services."

The examiner's report, which included all the evidence, was heard upon appellant's exceptions by the Federal Radio Commission, and the findings and conclusions of the examiner were sustained by the commission. This appeal was then taken.

It is provided by section 16 (d) of the Radio Act of 1927, as amended by Act July 1, 1930, 46 Stat. 844 (47 USCA § 96 (d), that upon such an appeal the findings of fact by the commission, if supported by substantial evidence, shall be conclusive, unless it shall clearly appear that the findings of the commission are arbitrary or capricious.

The record discloses that the evidence submitted to the examiner by appellant in support of the application was substantial in character and tended to sustain appellant's contention. On the other hand, however, it cannot be said that the findings of the commission were not sustained by substantial evidence, or that the commission's decision was arbitrary or capricious.

Witness Robert D. Linx, an expert in radio engineering, and chief engineer of broadcasting station WFIW, Hopkinsville, Ky., was asked: "In your opinion, what would be the result if WBCM were allocated to operate on 940 kilocycles?" His answer was: "There would be serious interference to WFIW, WDAY, and WCSH, and also terrific interference to WBCM, as they are only 500 or so many miles from WFIW and only slightly farther from WCSH and WDAY." The witness repeated: "I think that listeners in Kentucky, northern Tennessee, southern Illinois, and Indiana would be greatly hampered in the reception of WFIW if WBCM, as close as they are, were placed on this frequency."

The testimony of Edgar H. Felix, whose qualifications as a radio engineer were conceded by the parties, was to the same effect, as was also the testimony of Andrew D. Ring, the senior radio engineer of the Federal Radio Commission, and of William S. Foss, chief engineer of station WCSH. These witnesses explained in detail the technical facts and grounds upon which they based their conclusions.

This testimony effectually and sufficiently tends to sustain the finding of the commission that, "if this application were granted, objectionable interference would result from the simultaneous operation of the applicant station as proposed and stations now operating on the requested frequency."

This conclusion covers the issue in so far as it is presented by the record, and it results that the decision of the commission must be affirmed. Chicago Federation of Labor v. Federal Radio Commission, 59 App. D. C. 333, 41 F.(2d) 422.

Affirmed.