EVANGELICAL LUTHERAN SYNOD OF MISSOURI, OHIO, AND OTHER STATES v. FEDERAL COMMUNICATIONS COMMISSION (PULITZER PUB. CO., Intervener).

In re STATION KFUO.

No. 7224.

United States Court of Appeals for the District of Columbia.

Decided June 26, 1939.

---

[1] D. C. Code 1929, tit. 6, § 33.

794

William Stanley and J. Edward Bur-roughs, both of Washington, D. C., for appellant.

William J. Dempsey, William H. Bauer, Fanney Neyman, William C. Koplovitz, and Andrew G. Haley, all of Washington, D. C., for appellee.

Seth W. Richardson and Donald R. Richberg, both of Washington, D. C., for intervener.

Before GRONER, Chief Justice and EDGERTON and VINSON, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal from an order of the Federal Communications Commission denying appellant's application to increase the hours of operation, and also the power, of its radio station. The Commission is required to grant construction permits, station licenses, and renewals or modifications of station licenses, if it determines that public interest, convenience or necessity would be served thereby.[1]

Stations KFUO, operated by appellant, and KSD, operated by intervener the Pulitzer Publishing Company, are both in or near St. Louis. Each is licensed on a frequency of 550 kilocycles: consequently they cannot operate at the same time. KSD was first licensed in 1922, and is authorized to use power of 1 kilowatt night, 5 kilowatts day. KFUO was first licensed in 1925, and is authorized to use power of 500 watts night, 1 kilowatt day. Under an existing time-sharing agreement, KSD has about 80 per cent and KFUO about 20 per cent of the broadcast time. KSD applied to the Commission for unlimited hours, with the consequent deletion of KFUO. KFUO applied to increase its hours to one-half time, with the consequent partial deletion of KSD, and at the same time applied to increase its power to 1 kilowatt night, 5 kilowatts day. These applications, and applications of both stations for renewal licenses, were heard together. The Commission decided that public interest, convenience and necessity would not be served by granting either of the conflicting ap-

[1] Communications Act, 47 U.S.C. §§ 309(a), 319(a), 47 U.S.C.A. §§ 309(a), 319(a).

plications for increased privileges, but would be served by renewals on the existing time-sharing basis. KSD accepted this decision as within the Commission's discretion. KFUO, the appellant, contends that the Commission should have increased its hours to half time and should, at all events, have granted its application for increased power.

The Commission's grounds for its decision include findings that "1. Each applicant is legally, technically, financially and otherwise qualified to operate as proposed or to continue the operation of its station as presently licensed. 2. The service that has been rendered by each of the applicants has been of an acceptable quality and has served the public interest. It is probable that each applicant will continue to render such service. 3. The equipment used or proposed to be used by each applicant complies with the Commission's Rules and Regulations. 4. The operation of Station KSD unlimited time, the operation of Station KFUO as proposed, or the continued operation of each station as now licensed, would not give rise to such interference with the operation of other stations as could be considered objectionable. 5. Sound reasons in the public interest must exist as a basis for the deletion of a station. This case presents no such reasons." "Deletion," as here used, we understand to refer both to the requested total deletion of KFUO and the requested partial deletion of KSD. The Commission found various underlying facts which tend to support the findings just recited. KFUO's programs are 74% religious, 18% entertainment, and 8% educational. They include some excellent music. KSD's programs are about 88% entertainment and 10% educational. KSD devotes considerable time to broadcasting news and public events. It is the only station in the St. Louis area which broadcasts either Associated Press news or the "Red network" programs of the National Broadcasting Company. KFUO has not been, or heretofore sought to be, self-supporting; it is supported by donations from members of the Lutheran Church. It does not now seek to make a profit, but if its application were granted it would pay its way with advertising contracts. Whether it is unable, or merely unwilling, to earn its way under its present time allotment, the findings do not tell us. If it went on a half-time basis its programs would be 33% religious; 35% educational, cultural, governmental, civic, and entertainment; and 32% commercial.

The statute authorizing appeal to this court provides "That the review by the court shall be limited to questions of law and that findings of fact by the Commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the Commission are arbitrary or capricious."[2] The court "is not concerned with the weight of evidence or with the wisdom or expediency of the administrative action." Federal Radio Commission v. Nelson Bros. Bond & Mortgage Co., 289 U.S. 266, 277, 53 S.Ct. 627, 633, 77 L.Ed. 1166, 89 A.L.R. 406.

Appellant disputes none of the Commission's findings, except the ultimate findings concerning public interest, convenience, and necessity; but appellant urges that the facts found or proved required a finding in its favor on the ultimate question. We see no basis for this contention. The Commission's decision that the public interest will be served by maintaining the status quo, rather than by switching time from one station to the other, is supported by substantial evidence and is not arbitrary or capricious. The public interest does not necessarily demand that all stations become commercial, or that none be supported by religious bodies. We cannot substitute our judgment for the Commission's as to the relative public importance of the different types of programs offered by KSD and KFUO. Appellant tacitly assumes that the public interest requires, regardless of investments, commitments, and programs, an equal division of time between respectable stations which operate on one frequency in one locality. The assumption is arbitrary. The public interest requires, on the contrary, that existing arrangements be not disturbed without reason. "The cause of independent broadcasting in general would be seriously endangered and public interests correspondingly prejudiced, if the licenses of established stations should arbitrarily be withdrawn from them, and appropriated to the use of other stations."[3] There is no significant

---

[2] 47 U.S.C. § 402(e), 47 U.S.C.A. § 402 (e).

[3] Chicago Federation of Labor v. Federal Radio Commission, 59 App.D.C. 333, 334, 41 F.2d 422, 423.

796

difference in this respect between withdrawals of licenses and large withdrawals of broadcasting time. "The installation and maintenance of broadcasting stations involve a very considerable expense. Where a broadcasting station has been constructed and maintained in good faith, it is in the interests of the public and common justice to the owner of the station that its status should not be injuriously affected, except for compelling reasons."[4]

Appellant's requests for increased time and for increased power were made in one application, and the Commission was never clearly advised that appellant desired to have its application for increased power considered separately if its application for increased time was denied. What we have said is without prejudice to its right at any time, upon a proper showing, to apply for an increase of power.

Affirmed.

---

4 Journal Company v. Federal Radio Commission, 60 App.D.C. 92, 94, 48 F.2d 461, 463.