## WOODMEN OF THE WORLD LIFE INS. ASS'N (STATION WOW) v. FEDERAL RADIO COMMISSION.

### No. 5425.

Court of Appeals of the District of Columbia.
Argued Feb. 1, 1932.
Decided Feb. 29, 1932.

Bethuel M. Webster, Jr., and Paul M. Segal, both of Washington, D. C., for appellant.

Thad H. Brown, D. M. Patrick, and Fanney Neyman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from an order of the Federal Radio Commission denying an application filed by a broadcasting station for an increase in operating time.

Appellant, Woodmen of the World Life Insurance Association, owns and operates station WOW located at Omaha, Neb., which is licensed to operate on the frequency of 590 kilocycles, with 1 kilowatt power, and is limited to six-sevenths time of operation. The remaining one-seventh time upon the frequency is allotted to station WCAJ, which is owned and operated by the Nebraska Wesleyan University at Lincoln, Neb. The present controversy arises from the division of time upon the same frequency between the two stations. This division has been in force since November 11, 1928.

On February 28, 1930, appellant filed an application with the Commission for a modification of its license so as to grant it full time operation upon the frequency.

The Commission stated that it was unable to determine that the granting of the application would serve public interest, convenience, or necessity, and therefore designated the matter for hearing, and required that station WCAJ should be notified, inasmuch as its interests would be adversely affected by the granting of the application.

The application was duly heard by an examiner, both stations being represented at the hearing, and the examiner held upon the evidence in favor of the application, and reported to the Commission, that the allowance thereof would serve public interest, convenience, and necessity.

However, the Commission, upon consideration of the testimony, decided that the granting of the application would not serve public interest, convenience, or necessity, and denied the same.

A general description of the two opposing stations may be given in few words.

Station WOW is a highly efficient station, with equipment costing $62,000, and is operated by a large force of competent experts. Its service area extends approximately 100 miles in all directions from its location, embracing the city of Omaha with a population of 215,000 and extending into portions of Nebraska, Missouri, and Kansas. It is the only station in Omaha giving regular day and night service, and is an outlet for the chain programs of the National Broadcasting Company. Its programs have presented local, religious, educational, civic, emergency, and charitable features, also news bulletins, agricultural information, and market reports. Its income is derived chiefly from advertising, but it has expended more than $185,000 in excess of its receipts, in maintenance and operation expenses. The station has been conducted with due observance of law and of the orders and regulations of the Commission. It is obvious, as stated by the examiner, that the station is to some extent handicapped by the fact that it is required to divide time with station WCAJ, whereby there results "a lack of program schedule and a lack of that control of full time so desirable and necessary to the successful promotion of the highest efficiency and the utmost service of which a station of the character and with the resources of WOW is capable." It may be noted, however, that these disadvantages have been largely overcome by the commendable spirit of co-operation which has prevailed between the two stations.

Station WCAJ is operated as a branch of the Nebraska Wesleyan University at Lincoln, Neb. It is conducted by one licensed operator and a committee of five members of the faculty, one of whom is a scientist of skill and experience as a radio engineer. The programs are of a high character, designed to be chiefly educational and religious; nevertheless lighter forms of entertainment are not overlooked. No money is spent for outside "talent"; the features being furnished generally by the faculty and students, and by others interested in education. The operating expenses of the station are small, being about $1,200 a year. The power used by the station has been reduced to 250 watts, and therefore its service area is much less than that of WOW. The station is permitted to operate for only one-seventh time, and it is not applying for more. Both stations are financially responsible.

The present appeal was taken by appellant under favor of section 16, Radio Act of 1927, as amended by Act of Congress approved July 1, 1930, 46 Stat. 844 (47 USCA § 96), reading in part as follows:

"(d) At the earliest convenient time the court shall hear and determine the appeal upon the record before it, and shall have power, upon such record, to enter a judgment affirming or reversing the decision of the commission, and, in event the court shall render a decision and enter an order reversing the decision of the commission, it shall remand the case to the commission to carry out the judgment of the court: Provided, however, That the review by the court shall be limited to questions of law and that findings of fact by the commission, if supported by substantial evidence, shall be conclusive unless it shall clearly appear that the findings of the commission are arbitrary or capricious."

Upon a review of the record we do not find that the Commission's decision is unsupported by substantial evidence, or is arbitrary or capricious.

If the time now allotted to WCAJ is taken from that station and granted to WOW, the former station will be eliminated, unless concurrently some other time is allotted to it. The present case makes no provision for that contingency, and the Commission states in its decision that the granting of appellant's application "would require the forfeiture of the entire assignment now used by respondent." This is doubtless based upon the fact that the state of Nebraska is already overquota on regional and local channels, and, if appellant's application be granted, the Commission would be compelled either to make another assignment to WCAJ in Nebraska or delete the station. The former course would work a violation of section 9 of the Radio Act of 1927, as amended by section 5 of the Act approved March 28, 1928, known as the Davis Amendment (47 USCA § 89), and of the Commission's General Order No. 92 promulgated thereunder.

It is true that station WOW would be benefited by such an arrangement, but it is doubtful whether the public would be substantially benefited thereby. And, as we said in Chicago Federation of Labor v. Federal Radio Commission, 59 App. D. C. 333, 41 F.(2d) 422, 423, "The cause of independent broadcasting in general would be seriously endangered and public interests correspondingly prejudiced, if the licenses of established stations should arbitrarily be with-

drawn from them, and appropriated to the use of other stations." See, also, City of New York v. Federal Radio Commission, 59 App. D. C. 129, 36 F.(2d) 115. The respective stations have performed useful public service, and doubtless can continue to do so, under the present allocation.

The Commission's order is therefore affirmed.