## LINCOLN NAT. BANK v. BURNET, Commissioner of Internal Revenue.

### No. 5586.

Court of Appeals of the District of Columbia.
Argued Nov. 10, 1932.
Decided Jan. 9, 1933.

F. W. McReynolds and W. W. Millan, both of Washington, D. C., for appellant.

C. M. Charest and Willis R. Lansford, both of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, and J. P. Jackson, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The question involved in this case is whether certain shares of stock which were distributed to the taxpayer in 1926 by a corporation of which he was a stockholder were received by him as a dividend or as a gift within the meaning of section 213 (b) (3) of the Revenue Act of 1926 (26 USCA § 954 (b) (3).

The taxpayer John W. Brawner, hereinafter called the decedent, departed this life in January, 1929, and the appellant corporation is the executor of his last will and testament. The decedent and John F. Waggaman were business associates for many years prior to August 1, 1909. On the latter date Waggaman retired from business, and by deed of trust transferred his entire estate to his elder son, Henry Elliott Waggaman, and decedent, as cotrustees for the equal benefit of his three sons, Henry Elliott Waggaman, Floyd P. Waggaman, and Ennalls Waggaman. The trust was to terminate 10 years after the death of John F. Waggaman. Upon the death of Henry Elliott Waggaman on August 25, 1909, his widow, Viola R. Waggaman, by the terms of the trust instrument, succeeded to his beneficial interest. Decedent then became the sole trustee of the estate, and continued to act as such for a long period after the death of Waggaman, which occurred in May, 1918.

The decedent and Floyd P. Waggaman had been engaged in the real estate business as partners since 1906, and in January, 1920, the business was incorporated under the name of Waggaman & Brawner, Inc. The decedent acted as president of the corporation from the time of its organization until his death, and regularly received a salary as such. In 1924 the decedent, as surviving trustee of the John F. Waggaman estate, transferred all of the assets of that estate then in his hands to Waggaman & Brawner, Inc., in exchange for 8,000 shares of its corporate stock. In 1925 Waggaman & Brawner, Inc., received as a stock dividend about 7,500 shares of the preferred stock of the Emerson Drug Company. In 1925 the corporation distributed part of these shares to its stockholders, and

on January 4, 1926, the board of directors of the corporation authorized the distribution of the remaining 5,020 shares as follows: To John W. Brawner, 1,507 shares; to F. P. Waggaman, 1,507 shares; to Ennalls Waggaman, 1,506 shares; and to W. E. Burnside, 500 shares. The 1,507 shares when thus received by decedent possessed a market value of $37,675.

When the decedent prepared his income tax return for the year 1926, he omitted the value of these shares therefrom, upon the claim that he had received them as a nontaxable gift. The Commissioner of Internal Revenue, however, held that the stock had been received by decedent, not as a gift, but as a dividend, and accordingly was subject to surtax. This ruling was sustained by the Board of Tax Appeals, and the decision of the Board is here for review.

The Revenue Act of 1926, c. 27, § 213 (a), (b) (3), and section 201 (a, b), 44 Stat. 9, 10, 23 (26 USCA § 954 (a), (b), (3) and section 932 (a, b) reads in part as follows:

Section 213: "For the purposes of this chapter, except as otherwise provided in section 985 [233]—

"(a) The term 'gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service * * * of whatever kind and in whatever form paid, * * * also from * * * dividends * * * or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this title: * * *

"(3) The value of property acquired by gift, bequest, devise, or inheritance. * * *"

Section 201: "(a) The term 'dividend' when used in this chapter (except in paragraph (9) of subdivision (a) of section 986 [234] and paragraph (4) of subdivision (a) of section 1004 [245]) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913.

"(b) For the purposes of this chapter every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. * * *"

At the time of the distribution of the stock in question, the stockholders of the distribut-

ing corporation were as follows: John W. Brawner, 350 shares; Ennalls Waggaman, 250 shares; Floyd P. Waggaman, 250 shares; W. Eben Burnside, 75 shares; Sarah F. Weatherall, 5 shares; Elizabeth S. Billard, 5 shares; John W. Brawner, as trustee of the John F. Waggaman estate, 8,000 shares; Alice V. Waggaman, 100 shares; and William A. Boss, 50 shares. It must be noted, however, that Ennalls Waggaman, Floyd P. Waggaman, and Alice V. Waggaman were the beneficial owners of the 3,000 shares of stock held by decedent as trustee of the John F. Waggaman estate. The decedent accordingly was the owner of approximately 4 per cent. of the capital stock of Waggaman & Brawner, Inc., but nevertheless received approximately 33 per cent. of the Emerson stock distributed by the corporation. The decedent thus shared equally with the Waggaman heirs in the distribution.

It is claimed by appellant that, when the directors of Waggaman & Brawner, Inc., came to distribute the Emerson shares, they placed decedent upon an equality with the Waggaman heirs at the request of the heirs, who owned practically all of the stock of the corporation, because of the services which decedent had performed for the Waggaman estate in years past, and which had been greatly to their benefit. Decedent had devoted himself earnestly and successfully in preserving and expending the estate of John F. Waggaman of which the Waggaman heirs were beneficiaries, and for his long-continued and successful efforts in their behalf and for his guidance and counsel they were deeply grateful. When decedent took charge as trustee of the John F. Waggaman estate, it was practically insolvent, but under his management the estate was restored to a sound condition by 1926, and was then of substantial value. It is claimed, therefore, that the shares received by decedent were not received as a dividend, but as a gift founded upon these considerations, and therefore was not taxable.

We are unable to sustain this contention. The distribution of stock made by order of the directors of the distributing corporation to its stockholders was made out of its earnings and profits accumulated subsequent to February 28, 1913. It directly responds to the statutory definition of a dividend contained in section 201 (a), supra, to wit: "Any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913." It is true that the directors considered it in part as a gift and not as a dividend, but this is not determinative of the nature of the distribution, nor is the fact that the distribution was to some of the shareholders only and not to others, nor that it was divided among the stockholders in proportions other than their respective holdings of stock in the corporation. The other shareholders have not complained of this inequality, and must therefore in this proceeding be deemed to have ratified the distribution. The character of the distribution as a division of profits was not changed by the manner in which it was accomplished, nor by the personal motives which induced the respective stockholders or directors to approve of such action, for it nevertheless remained in contemplation of law a distribution of dividends. It was made from the earnings or profits of the distributing corporation, and was divided among the stockholders of the distributing company in such proportion as was satisfactory to its directors and stockholders.

As said by this court in Hadley v. Commissioner, 59 App. D. C. 139, 36 F.(2d) 543, 544: "* * * It is settled law that the division of profits of a corporation among its stockholders amounts to a constructive dividend whether it is intended by the directors or stockholders to constitute a dividend or not. * * * Any distribution by the company to its shareholders, out of earnings or profits accumulated since February 28, 1913, was a dividend within the meaning of section 201 (a) of the Revenue act." Christopher v. Burnet, 60 App. D. C. 365, 55 F.(2d) 527.

We are of opinion, therefore, that the decision of the Board was correct, and it is affirmed.