## SPEIER v. UNITED STATES.
### No. M–273.

Court of Claims.
March 4, 1935.

Allen H. Gardner, of Washington, D. C. (Morris, KixMiller & Baar, of Washington, D. C., on the brief), for plaintiff.

J. W. Blalock, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Defendant contends that the declaration of a cash dividend of $40,000, payable $20,000 to Simon and $20,000 to Speier, was a condition precedent in the offer of sale of Simon's stock which was accepted by Speier, that such a dividend was declared by the corporation, and it must be held to have been constructively received by Speier.

The sole question in the case, therefore, is whether plaintiff constructively received a cash dividend from the corporation of Speier & Simon in 1922 in such manner as to make him taxable on $20,000 under article 53 of Regulations 62 under the Revenue Act of 1921 providing that "dividends on corporate stock are subject to tax when unqualifiedly made subject to the demand of the stockholder." The facts and circumstances in this case show that the dividend of $20,000 alleged by defendant to have been constructively received by plaintiff was not a cash dividend declared by the corporation and payable to him and that it was not constructively received within the meaning of the statute and the regulations.

Counsel for the defendant is in error in contending that the transaction whereby the stock of Simon and his wife was acquired was in all respects in conformity with the proposition made by Simon to Speier March 10, 1922, when the matter originated. The record shows that the proposition made by Simon and his wife setting forth the terms and conditions under which he would acquire Speier's stock was materially modified and that the offer made by Simon was not carried out under the agreement finally reached whereby the corporation acquired Simons' stock. The corporation was a party to the transaction as finally carried out, and all the parties understood and agreed before anything was done that only a $20,000 dividend was to be declared and paid by the corporation in cash and that Speier was not to receive a cash dividend, and no cash dividend was ever made available to him. The record discloses that the corporation only had about $3,000 in cash, which was maintained and required for the current operation of the business, and that its borrowing capacity had been exhausted in obtaining funds for the purchase of Simons' stock. It cannot, therefore, be said that the corporation might have paid Speier a dividend inasmuch as it had a surplus in the form of merchandise, for the reason that such stock of merchandise had been used as a basis of credit, and any payment of a dividend in excess of the amount which the corporation disclosed to the bank that it intended to pay out, in the acquisition of Simons' stock, would have been an act of bad faith. It is established that dividends may, where the parties agree, be paid without regard to the proportions in which the shares of stock are held. Lincoln National Bank v. Burnet, 61 App. D. C. 54, 63 F.(2d) 131; Joseph Goodnow & Co. v. Commissioner, 5 B. T. A. 1154. And we are not here dealing with a case where a corporation has declared a cash dividend which it is able to pay and which is unqualifiedly subject to the demand of the stockholder, and the taxpayer elects to take stock in the corporation instead of cash, or where the stockholders agree among themselves, without the corporation being a party, that stock in lieu of cash will be taken by them in satisfaction of a regular dividend declared by the corporation out of its surplus. Articles 52 and 53 of Regulations 62 under the Revenue Act of 1921 contemplate a case where a dividend is declared, with no conditions attached to the declaration, and made unqualifiedly subject to withdrawal by the stockholder and has no application to a case like the one at bar.

The plaintiff is entitled to recover $1,527.85, with interest as provided by law. Judgment will be entered accordingly. It is so ordered.