## CLEVELAND SHOPPING NEWS CO. v. ROUTZAHN, Collector of Internal Revenue.

### No. 7128.

Circuit Court of Appeals, Sixth Circuit.

May 10, 1937.

Irwin N. Loeser, of Cleveland, Ohio (Mooney, Hahn, Loeser & Keough, of Cleveland, Ohio, on the brief), for appellant.

W. F. Wattles, of Washington, D. C. (Frank J. Wideman, Sewall Key, Norman D. Keller, and Lester L. Gibson, all of Washington, D. C., and Emerich B. Freed and E. L. Foote, both of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Appellant is a corporation organized under the laws of Ohio and is engaged in the business of printing. It publishes the Cleveland Shopping News for the purpose of advertising the merchandise of the downtown merchants in the city of Cleveland. These merchants upon becoming advertisers in the News purchase stock in the appellant under a contract by which it agrees to do their advertising at cost plus 7 per cent., the 7 per cent. to be deposited with it in an account known as the "Stock Purchase and Guaranty Account." The contracts provide that the appellant may use the funds accumulated in this account to purchase the stock of such merchants as have ceased to advertise with it, and a' may charge against them any losses and extraordinary expenses incurred by it in publishing and distributing the Shopping News. They further provide that after such use of the account the balance remaining therein, including the stock acquired therefor, shall be allocated by the appellant to all the advertisers entitled to use space in the Shopping News in proportion to the amounts they have paid into the fund. Considerable sums had accumulated in the account on April 17, 1929, and April 30, 1930, respectively, and were thereafter distributed to the stockholder-advertisers according to the terms of their contracts. In its tax returns for the calendar years 1930 and 1931, the appellant deducted these distributions from income. The Commissioner disallowed the deductions and assessed deficiency taxes. The appellant paid the taxes and filed claims for the refund thereof. On denial of its claims, it brought this action in the District Court to recover the amounts paid as illegal exactions. The case was tried by the court without a jury on a stipulation of facts, and judgment was rendered dismissing the petition.

It is conceded that the distributed funds were not taxed as income for the years in which they were received, and also that there can be no deductions from income except by clear authority of statute; but it is contended that the distributions were rebates given as an inducement to obtain advertisers, and were therefore or-

dinary and necessary expenses incurred in carrying on the business. We think they are to be construed as dividends or distributions of profits to stockholders. They were not, it is true, distributed in proportion to stock holdings, but all of the distributees were stockholders and all agreed that the distributions should be made among them in proportion to their contributions to the fund in purchasing advertising. Such an agreement is valid, Lincoln National Bank v. Burnet, 61 App.D.C. 54, 63 F.(2d) 131, and Speier v. United States (Ct.Cl.) 9 F.Supp. 1020, 1021, and is plainly not subject to attack by the corporation, which was itself a party to it.

The judgment is affirmed.