## BLACK MOTOR CO., Inc., v. COMMISSIONER OF INTERNAL REVENUE.

### No. 8743.

Circuit Court of Appeals, Sixth Circuit.

Feb. 6, 1942.

As Amended on Denial of Rehearing
April 6, 1942.

Helen Goodner, of Washington, D. C. (George E. H. Goodner, Helen Goodner, and Scott P. Crampton, all of Washington, D. C., on the brief), for petitioner.

Samuel H. Levy, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Arthur A. Armstrong, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SIMONS, HAMILTON and MARTIN, Circuit Judges.

HAMILTON, Circuit Judge.

This is a proceeding by petitioner, Black Motor Company, Inc., to review a Board of Tax Appeals decision, redetermining petitioner's income, excess profits and undistributed profits taxes for the taxable year ending December 31, 1936.

Petitioner is a Kentucky corporation with its principal place of business at Harlan, Kentucky, and sells automobiles at retail. It duly filed its income, excess profits and undistributed profits tax return with the Collector of Internal Revenue for the year in question and disclosed income taxes payable of $765.82 and no excess profits or undistributed profits taxes. The Commissioner of Internal Revenue on audit and review of petitioner's return found a deficiency in each class of taxes, from which decision it timely appealed to the Board of Tax Appeals.

Petitioner claimed in its original return a dividends paid credit of $7,500, under Section 27, Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, p. 837.

On August 20, 1936, the directors of petitioner declared a 10 percent dividend on its capital stock payable in four equal monthly installments beginning October 15, 1936.

On August 28, 1936, a general journal entry was made, taking out of surplus $7,500, the amount of the dividend and crediting dividends payable by that sum. The petitioner paid dividends and charged to dividends payable during the year, $4,515, which dividends were paid on the following dates and in the following amounts:

| INSTALL-MENTS | DATE | AMOUNT DUE | AMOUNT PAID |
|---|---|---|---|
| First | 10-15-36 | $1,875.00 | $1,875.00 |
| Second | 11-15-36 | 1,875.00 | 1,667.50 |
| Third | 12-15-36 | 1,875.00 | 972.50 |
| | | | $4,515.00 |

Petitioner also paid in 1936, $972.50 the installment due January 15, 1937, making the total paid during the year of 1936, $5,487.50. The first installment only was paid in full. The two principal stockholders received 100 percent of their pro rata share of the dividends, one stockholder received 25 percent and sixteen received 50 percent. The petitioner, in computing surtax on its undistributed profits, deducted $7,500 as dividends paid credit, all of which was disallowed by the Commissioner because not made pro rata and without preference to any share over any other share of stock of the same class in accordance with the provisions of Section 27(g) of the Revenue Act of 1936, which disallowance was sustained by the Board of Tax Appeals and on the same ground.

The case involves consideration of certain provisions of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev. Acts, page 837. Section 27(a) of that Act provides that a corporation's credit for dividends paid before determining the tax under Section 14 of the Act, 26 U.S.C. A. Int.Rev.Acts, page 824, shall be "the amount of dividends paid during the taxable year." The provisions of this Section are explained and amplified by succeeding subsections and the one with which we are here concerned provides "no dividends paid credit shall be allowed with respect to any distribution unless the distribution is pro rata, equal in amount, and with no preference to any share of stock as compared with other shares of the same class."

In construing tax statutes, it is well to remember that such acts carry their own definitions and that the intention of the Congress is controlling. Such intention is to be ascertained, not by taking a word or clause from its setting and viewing it apart, but by considering it in connection with its context, general purpose of the statute, the occasion and circumstances of its use and other appropriate tests for the ascertainment of legislative will. Helvering v. Stockholms Enskilda Bank, 293 U. S. 84, 94, 55 S.Ct. 50, 79 L.Ed. 211.

The Revenue Act of 1936 introduced into the Internal Revenue laws a new method, but not a new system of corporate income taxation. The proposal incorporated in this Act provided for a tax rate determined by the amount of the undistributed net earnings, as had been done in previous Acts, except under the former Acts the tax did not become operative until the earnings of the corporation credited to surplus were in excess of what was reasonable or necessary for the corporate business. For many years the internal revenue acts had placed a penalty tax upon earnings of corporations accumulated for the purpose of avoiding surtax on their stockholders. The Ways and Means Committee of the House, in its report on the present Act, stated that its fundamental purpose was to stimulate the distribution of corporate profits to its stockholders. It was said in the report that under the existing system, "a corporation may retain all of its net income and the Government fails to receive the tax it should secure from the surtax on the stockholders of such corporations." Ways and Means Committee Report, No. 2475, 74th Congress, Second Session.

It has been recognized that the retention of corporation earnings was a favorite shield for the escape by corporate shareholders from the burdens of the surtax. The primary purpose of the present Act was to make available to the tax gatherer, a stream of tax wealth theretofore locked in corporate surpluses, and the purpose of levying the present tax on the corporation was to encourage, if not compel, the distribution of corporate earned surpluses to its shareholders so that the tax could be collected from the shareholder for the year of distribution.

Section 27(a) of the Revenue Act of 1936 allows a credit to a corporation in determining surtaxes of the dividends paid by it within the taxable year and each succeeding subsection of the Act undertakes to limit this credit to dividends which would be subject to tax in the hands of the corporate shareholders.

The purpose of Section 27(h) which concerns us is the so-called preferential distribution provision and its purpose was to prevent special dividends to stockholders in the lower income tax brackets, and in construing the present Section, it is well to bear in mind that dividends need not be proportionate to stockholdings. Lincoln National Bank, Ex'r, v. Burnet, 61 App.D.C. 354, 63 F.2d 131. This section provides no credit will be allowed for any distribution which is not strictly pro rata among shares of the same class. Mere declaration of a dividend pro rata does not constitute within the purview of the Act either a dividend or a distribution. Before a dividend becomes effective as such there must be a declaration of it by proper corporate officers and funds set aside for its payment. In the case at bar, the dividend was declared and petitioner charged its surplus and credited dividends payable with the amount declared, neither of which acts resulted in a distribution to its stockholders. The word "distribution" as used in the Act means the act of distributing or dispensing and distribution pro rata means a payment to all entitled to take and not a payment of the total amount due one and a part of that due another. Construing the statute in the light of its purpose and applying it to the facts here present, it is clear that petitioner did not make a pro rata distribution of the dividends which it claims as a credit, and that there was a preference. It therefore follows that the Board was correct in disallowing the credit claimed by petitioner.

Petitioner urges on us that under Section 14(c) of the Revenue Act of 1936, c. 690, 49 Stat. 1648, 26 U.S.C.A. Int.Rev.Acts, page 824, it was entitled to a specific credit of $5,000 in the computation of its surtaxes. The Board allowed petitioner a specific credit of $3,529.48. Under the Revenue Act of 1936, the imposition of the undistributed profits tax where the adjusted net income which measures the surtax is less than $50,000, a specific credit is provided as follows,

"If the adjusted net income is less than $50,000, there shall be allowed a specific credit equal to the portion of the undistributed net income which is in excess of 10 per centum of the adjusted net income and not in excess of $5,000, such credit to be applied as provided in paragraph (2).

"(2) Application of specific credit. If the corporation is entitled to a specific credit, the tax shall be equal to the sum of the following:

"(A) A tax computed under subsection (b) upon the amount of the undistributed net income reduced by the amount of the specific credit, plus ·

"(B) 7 per centum of the amount of the specific credit."

The respondent insists that we are without jurisdiction to consider this assignment of error because petitioner did not raise it before the Board but urges it for the first time upon this appeal. The record shows that the Commissioner, in his deficiency letter, allowed petitioner a specific credit of $3,414.64. The petitioner, in its petition to the Board, did not assign error to the Commissioner's allowance. Both the petitioner and the respondent submitted to the Board, pursuant to its Rule 50, computation of tax for entry of decision conformable to the Board's opinion. The petitioner then proposed a specific credit of $5,000 and the respondent one of $3,529.48.

The Board, in its decision, after stating that respondent and petitioner had submitted computations, said: "* * * petitioner filed its computation which agrees with respondent except as to the amount of the specific credit to which petitioner is entitled under Section 14(c) (1), Revenue Act of 1936. Hearing having been had on April 3, 1940, and counsel having been heard in support of their respective computations, and their arguments with respect thereto having been duly considered, it is ordered * * *."

The issue raised is purely one of law requiring no new or amplified factual determination. The question is simply the proper interpretation and application of the statute to determine the taxes due. The fact that the issue was not raised in the petition to the Board is immaterial and, under the circumstances here present, we have jurisdiction of the issue. Scripps v. Commissioner, 6 Cir., 96 F.2d 492; Hormel v. Helvering, 312 U.S. 552, 558, 61 S.Ct. 719, 85 L.Ed. 1037; State Consolidated Oil Company v. Commissioner, 9 Cir., 66 F.2d 648; Commissioner v. Central National Bank of Cleveland, 6 Cir., 119 F.2d 470.

The Statute in question denominates the present tax as "surtax on undistributed profits" but the taxes are not measured directly on such profits but by a process of adjustments to and deductions from the

corporation's net income. The rates of tax are graduated on ratios set up in the Act between "undistributed net income" and "adjusted net income." The surtax imposed by Section 14 of the Act is measured by the "undistributed net income." The method for arriving at the amount of the tax is: first, to compute the "adjusted net income," and such income is the ordinary taxable net income minus the sum of (a) the normal tax imposed by Section 13, (b) the credit provided in Section 26(a), 26 U. S.C.A. Int.Rev.Acts, pages 822, 836, for interest on specified obligations of the United States and Government corporations, (c) the amount allowed as a credit under Section 26(d) to a holding company affiliate, as defined in Section 2 of the Banking Act of 1933, 12 U.S.C.A. § 221a, and (d) the amount allowed as a credit under Section 26(d) to National Mortgage Associations created under Title 3 of the National Holding Act; second, to determine the "undistributed net income" by taking from the "adjusted net income" the sum of dividends paid credit provided in Section 27 and the credit provided in Section 26(c) restricting dividends.

The tax is calculated on the undistributed portion of the net income according to rates set by Section 14(b). If the "adjusted net income" which measures the surtax is less than $50,000, a specified credit is provided to the extent of the excess of (a) $5,000 or (b) the total "undistributed net income," whichever is less, over 10 percent of the "adjusted net income" which is to be deducted from the undistributed net income before computing the surtax. However, this credit under the Act is not exempt from the tax but is subject to the 7 percent rate, under Section 14(c) (2) (B), 26 U.S.C.A. Int.Rev.Acts, page 824.

The specific credit may not be more than $5,000 and to the extent that it exceeds 10 percent of the "adjusted net income" it reduces the base, subject to the higher surtaxes. The net result after summing up the complexities of the method of computing the tax, is to make the first $5,000 of the adjusted net income of a corporation whose adjusted net income is less than $50,000, subject to a surtax of 7 percent and the balance of undistributed net income subject to higher rates.

The difference between petitioner's and respondent's determination and application of the credit is whether the antecedent of the phrase "and not in excess of $5,000" is "the undistributed net income" or a "portion of the undistributed net income." The Section has some apparent ambiguity but in our opinion Treasury Regulations 94, Article 14-3, promulgated by the Secretary of the Treasury under the Revenue Act of 1936 correctly interprets the Statute. The Regulations were followed by the Board in its decision.

Under the Treasury interpretation, the amount of the specific credit decreases as the adjusted net income increases toward $50,000 and becomes zero when it reaches $50,000. Under any other interpretation, the credit lacks uniformity and produces inequality in determining the tax.

Section 14(b) of the Act provides "12 per centum of the portion of the undistributed net income which is in excess of 10 per centum and not in excess of 20 per centum of the adjusted net income." 26 U.S.C.A. Int.Rev.Acts, page 823. It is clear that this phrase means the difference between 10 and 20 percent.

In construing the questioned phrase in 14(c) (1), in connection with the phrase in 14(b), it becomes clearer that the former means $5,000 less 10 per cent of the adjusted net income. "The interpretation which does least violence to the uniform operation of a taxing measure is the one to be preferred." Heyman v. United States, 6 Cir., 285 F. 685, 687. The Board correctly determined and applied the credit in question.

Petitioner urges that Section 106 of the Revenue Act of 1935, c. 829, 49 Stat. 1019, 26 U.S.C.A. Int.Rev.Acts, page 800, levying an excess profits tax is unconstitutional. This contention is without merit. Prime Securities Corporation v. United States, 6 Cir., 119 F.2d 939.

Decision of the Board is affirmed.