## SAFETY CONVOY CO., Inc., v. THOMAS, Collector of Internal Revenue.
### No. 10665.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1943.

Gabe P. Allen and Gordon Hall, both of Dallas, Tex., for appellant.

Lester L. Gibson and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Asst. Atty. Gen., and John A. Erhard and A. W. Christian, Asst. U. S. Attys., both of Dallas, Tex., for appellee.

Before SIBLEY, HOLMES, and WALLER, Circuit Judges.

HOLMES, Circuit Judge.

This is an action to recover income taxes alleged to have been overpaid by appellant for the calendar year 1936 by reason of its failure, in its tax return for that year, to take credit for dividends paid. Judgment below was for the Government, and the taxpayer appealed.

During the period here involved, appellant was a Texas corporation with an authorized capital stock of 250 shares. Its president owned 187 shares, the vice-president owned 62 shares, and the remaining share belonged to the secretary. As of four different dates in 1935, the corporation declared dividends of $200 per share on all of the stock outstanding. Pursuant to these declarations, the corporation paid $166,800 in dividends in 1935, $32,800 in 1936, and $400 in 1937. The total of the dividends thus paid pursuant to the four declarations aggregated $800 per share, but the sums paid to each shareholder in 1936 were not in proportion to the percentage of stock owned by each, and the dates of the respective payments to shareholders were not identical.[1] The question is whether the corporation was authorized by the Revenue Act of 1936 to take a dividends-paid credit with respect to the $32,800 so paid during the taxable year.

Section 27(a) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 837, provides that the dividends-paid credit shall be the amount of dividends paid during the taxable year. Section 27(g) thereof provides that no dividends-paid credit shall be allowed with respect to any distribution unless the distribution is pro rata, equal in amount, and with no preference to any share of stock as compared with other shares of the same class. The controversy turns upon the construction of these statutes as applicable to the facts stated.

Appellant recognizes that Section 27(g), supra, engrafts an exception upon Section 27(a) and limits the application of the dividends-paid credit to distributions that are pro rata, equal in amount, and that do not effect a preference between shareholders of the same class; but it argues that the use of the word "distribution" in subsection (g), as distinguished from the phrase "dividends paid" in subsection (a), and the absence of any express provision in subsection (g) that the conditions therein specified should be met within the taxable year, have significance in determining the intent of the Congress. It contends that the requirements of Section 27(g) were satisfied in that the dividends were pro rata, equal, and without preference as declared, and were pro rata, equal and without preference as ultimately paid over the three-year period.

We think this construction of the statute cannot be sustained. The payment of dividends to one shareholder while such dividends are withheld from another effects a preference of the one over the other that cannot be eradicated by the subsequent payment of the dividends withheld. Economic value in the present use of money is the basis of all interest and discount rates; and its substance cannot be overlooked here.

The use of the word distribution in Section 27(g) indicates plainly that equality among shareholders in the declaration of dividends is not sufficient in itself; a distribution connotes a division and delivery, and no dividend is distributed until it is paid. It is the sense of the statute that a dividend must be paid in equal amount upon each share of stock in any given class, and must be paid at the same time, if the dividends-paid credit is to be made applicable.[2]

The dividends distributed in 1936 did not conform to the requirements of Section 27(g), and the dividends-paid credit was not available to the appellant. The judgment is affirmed.

---

[1] The respective payments made in 1936 were as follows:

| Date paid | To whom paid | | | Total |
| --- | --- | --- | --- | --- |
| | Stewart, Pres. | Bull, V. Pres. | Luton, Sec. | |
| 1/31/36 | $ 7500 | | | $ 7500 |
| 2/28/36 | 2500 | $2250 | | 4750 |
| 3/31/36 | | 3350 | | 3350 |
| 5/31/36 | 15000 | | $200 | 15200 |
| 9/30/36 | 2000 | | | 2000 |
| Totals | $27000 | $5600 | $200 | $32800 |

[2] Black Motor Company v. Commissioner, 6 Cir., 125 F.2d 977; Articles 27 (a)-1 and 27(g)-1 of Treasury Regulations 94. Section 27(g) was neither argued to nor considered by this court in George M. Cox v. Commissioner, 5 Cir., 128 F.2d 957.