## FISHER et al. v. KAVANAGH.
### No. 7996.

United States District Court
E. D. Michigan, S. D.

Sept. 27, 1951.

Thomas G. Long, Benjamin E. Jaffe, Detroit, Mich., for plaintiffs.

Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe, John W. Fisher, Sp. Assts. to Atty. Gen., Edward T. Kane, U. S. Atty., Roger P. O'Connor, Asst. U. S. Atty., Detroit, Mich., for defendant.

THORNTON, District Judge.

Both parties have filed motions for summary judgment and are in agreement that there is no dispute as to the facts.

Norwalk Corporation, a personal holding company, was dissolved as of May 31, 1946, and all of its assets and property were distributed at that time in equal shares to its two stockholders in complete liquidation of the corporation. These stockholders paid the tax on their respective capital gains amounting to $96,104.64 in the case of one of the stockholders, and $100,028.70 in the case of the other stockholder. This corporation was on a fiscal year basis, beginning August 1, and on August 1, 1945, had a deficit of $85,444.93. For the period of August 1, 1945, to May 31, 1946, Norwalk Corporation had a net income of $11,243.93. In its income tax return for the period last mentioned, the corporation, in determining its liabilities for Personal Holding Company surtax, took a dividend paid credit to the extent of its net income (all of which had been distributed) thereby showing no income subject to this tax. Upon auditing this return, the examining agent disallowed the entire amount claimed as a dividend paid credit on the ground, as stated in the examining agent's report: "Since the taxpayer had no earnings or profits accumulated as of February 28,

1913, no part of the liquidating dividend may be included in the Dividend Paid Credit."

Pursuant to this order a Personal Holding Company surtax in the amount of $9,016.22 was assessed against the corporation and the stockholders as transferees of the assets of the corporation. Thereafter the stockholders paid this assessment in equal shares together with interest in the sum of $265.58. Claims for refund were filed by the stockholders but no action by the Commissioner of Internal Revenue on said claims for refund has been had.

This action was filed for the recovery of the amount of Personal Holding Company surtax paid by the stockholders as transferees of the assets of Norwalk Corporation.

In his answer the defendant sets forth the following: "* * * it is alleged that the disallowance of the dividends paid credit was on the ground that no part of the amounts distributed in liquidation of Norwalk Corporation was properly chargeable to earnings or profits accumulated after February 28, 1913, because the deficit in accumulated earnings or profits of Norwalk Corporation at July 31, 1945, was greater than the earnings or profits of the taxable period, August 1, 1945, through May 31, 1946, and hence there were no earnings or profits accumulated at any time during such taxable period, * * *."

Title 26 U.S.C. § 27, par. (g) reads as follows: "Distributions in liquidation. In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall, for the purposes of computing the basic surtax credit under this section, be treated as a taxable dividend paid." See Para. 7 of Fowler Bros. & Cox, Inc., v. Commissioner of Internal Revenue, 6 Cir., 138 F.2d 774.

█ Since the total net income of the Norwalk Corporation of $11,243.31 for the period from August 1, 1945, to May 31, 1946, was distributed to the shareholders as of the day of dissolution, and since the said amount is properly chargeable to earnings and profits of the corporation accumulated after February 28, 1913, and not chargeable to capital account, the plaintiff is entitled to a dividend paid credit to the extent of its net income.

In assessing and collecting a personal holding company surtax in the amount of $9,016.22 against a corporation and its stockholders as transferees of the assets of the corporation, the defendant acknowledges the existence of a profit for the taxable period in question, and since there is present a profit that is subject to a surtax, and since such profit has been actually distributed, then it should be regarded as a profit entitled to participate in the benefit of the provision for "dividend paid credit".

The levying of a tax on the undistributed profits of a personal holding company when these profits already have been distributed presents an anomalous situation, to say the least.

█ It seems well established that "section 351 provided for a tax which 'will be automatically levied' without the necessity of proving a purpose to avoid surtaxes. As stated in the Committee Reports the purpose of giving a credit for dividends paid to shareholders during the taxable year was 'to prevent the additional tax from applying to sums actually distributed'. That actual distribution of current income would avoid imposition of the surtax is clearly expressed in the Report of the Senate Committee on Finance:

" 'Many will consider the surtax imposed on these personal holding companies a harsh measure. However, a corporation which falls within this section * * * can always escape this tax by distributing to its stockholders at least 90 percent of its adjusted net income.' " Pembroke Realty & Securities Corporation v. Commissioner of Internal Revenue, 2 Cir., 122 F.2d 252, 253–254.

and further: "It has been recognized that the retention of corporation earnings was a favorite shield for the escape by corporate shareholders from the burdens of the surtax. The primary purpose of the present Act was to make available to the tax gath-

erer, a stream of tax wealth' theretofore locked in corporate surpluses, and the purpose of levying the present tax on the corporation was to encourage, if not compel, the distribution of corporate earned surpluses to its shareholders so that the tax could be collected from the shareholder for the year of distribution." Black Motor Co., Inc., v. Commissioner of Internal Revenue, 6 Cir., 125 F.2d 977, 979. and again "The congressional history of this legislation unmistakably indicates that it was devised to drive the current income of the personal holding corporation to its shareholders. In the instant situation, this was done. That which Congress sought to achieve by the legislation was attained. In effect, however, the Government is now seeking to penalize the corporation for doing that which the statute intended to produce. The fact that the corporation liquidated at the time that the earnings were turned over to the shareholder is immaterial. No cogent reason is suggested in support of any theory which denies the right of the deduction made herein." Piper v. United States, D.C., 50 F.Supp. 363, 365.

Thus we find, in the instant matter, the taxing authority assuming a position which achieves a result that is completely repugnant to the purpose of the Act.

Judgment for the plaintiffs may be entered in accordance with this opinion.