OPINION. Opper, Judge: Petitioner’s contributions to its employees’ profit-sharing trust in excess of the amounts called for by the previously approved plan are a clearly forbidden deduction under section 23 (p) (1) (C), Internal Revenue Code.[1] Wooster Rubber Co., 14 T. C. 1192, reversed on other grounds, Commissioner v. Wooster Rubber Co. (C. A. 6), 189 F. 2d 878; Irwin B. Schwabe Co., 17 T. C. 1215. The trust agreement expressly provides for contributions of 5 per cent of petitioner’s net profits and no payment in excess of that amount would be made in accordance with the plan so as to meet the statutory description of payments “to or under a * * * pension * * * plan * * * * * The profit sharing plan to which petitioner made payments was exempt under section 165(a) but we have held that only part of the payments made by petitioner were to or under a plan as envisaged by sections 165(a) and 23 (p) (1) (C) and approved by the Commissioner. Only such payments as were actually called for by the predetermined formula contained in the agreement and declaration of trust are deductible under section 23 (p) (1) (C) * * *. Respondent * * * correctly disallows the excess payments made, which cannot be said to be a part of the plan as it was approved with its accompanying tax benefits by the Commissioner. * * * [ Wooster Rubber Co., supra.] It is true that the Wooster Rubber case was reversed on appeal, Commissioner v. Wooster Rubber Co., supra, but that was on the ground that the Court of Appeals differed with our conclusion that the terms of that plan were unambiguous. Here, we see no escape from the view that the trust agreement is clear and without any ambiguity. It leaves no room for construction by resort to extrinsic evidence. In Produce Reporter Co., 18 T. C. 69, we held that it was unnecessary under the statute for a trust to include a “definite, predetermined formula” for the measurement of the contributions, in order for the trust to be exempt under section 165 (a). That, of course, is not the present question. Whether or not the trust here involved was required to have a definite formula, it had one; and that is the formula which was exceeded by the payments in controversy. As in Produce Reporter Co., “We deem it unnecessary to pass upon the validity of the respondent’s regulations” requiring that a trust secure respondent’s approval before it can qualify for exemption under section 165 (a). The fact is that the present petitioner desired that approval and obtained it by inserting the provisions in question in the trust agreement. We do not see how it can now be heard to say that express language appearing in a written document is not there, even if it be a fact that it did not need to be there otherwise. Nor is any amount deductible under section 23 (p) (1) (D) as being paid under a “plan * * * not * * * included in paragraphs (A), (B), or (C).” There was no plan unless the trust agreement in question can be so designated and, to the extent that the contributions were made in accordance with such a plan, they are deductible under (C) and not (D). Since not required by the trust agreement, the payments cannot be considered as “ordinary and necessary business expenses.” Gross-Given Manufacturing Co. v. Kelm (D. Minn.), 99 F. Supp. 144. And we cannot construe the stipulation of the parties that the expenses in question were ordinary and necessary as going beyond the amounts conceded by respondent to be deductible and called for by the agreement itself. Anything further would be a conclusion of law as to which a stipulation of the parties could not be binding upon us. First Mechanics National Bank of Trenton v. Commissioner (C. A. 3), 117 F. 2d 127. On the second issue, we have found as a fact that a substantial part of the activities of the organizations to which petitioner’s contributions were made and for which it claims deductions was devoted to “lobbying purposes, the promotion or defeat of legislation, [and] the exploitation of propaganda” within the meaning of section 29.23 (q)-1 of Kegulations 111. This regulation is to be given the force of law, Textile Mills Securities Corporation v. Commissioner, 314 U. S. 326,[2] and no expenditure coming within its terms may be permitted as a deduction even under section 23 (a). Mary E. Bellingrath, 46 B. T. A. 89; Roberts Dairy Co. v. Commissioner (C. A. 8), 195 F. 2d 948, certiorari denied 344 U. S. 865. On the first two issues, the deficiency is accordingly sustained. On the final issue we conclude that petitioner has not sustained its burden of showing that respondent’s partial disallowance of additions to a reserve for bad debts was improper. Although petitioner had been in business for a number of years the record is inadequate as to its bad debt experience, and no information is furnished us from which we may conclude that the amount of the reserve as it existed at the end of each of the contested years was not sufficient to cover any future bad debt charge-offs for which it was established. We cannot say that the formula adopted by petitioner was proper in the light of its failure to produce evidence either as to its past experience or what might reasonably be expected in the future. But in any event, “A method or formula that produces a reasonable addition to a bad debt reserve in one year, or a series of years, may be entirely out of tune with the circumstances of the year involved.” Black Motor Co., 41 B. T. A. 300, affd. (C. A. 6) 125 F. 2d 977. And those circumstances are not shown. On this issue also the deficiency is approved. Reviewed by the Court. Decision will be entered for the respondent. SEC. 23. DEDUCTIONS FROM GROSS INCOME. (p) Contributions of an Employee to an Employees’ Trust or Annuity Plan and Compensation ündeií a Deferred-Payment Plan.-— (1) General rule. — If contributions are paid by an employer to or under a stock bonus, pension, profit-sharing or annuity plan, * * * such contributions or compensation shall not be deductible under subsection (a) but shall be deductible, if deductible under subsection (a) without regard to this subsection, under this subsection but only to the iojjpwing extent: (C) In the taxable year when paid, if the contributions are paid into a stock bonus or profit-sharing trust, and if such taxable year ends within or with a taxable year of the trust with respect to which the trust is exempt under section 165 (a) * * *. The relevant language of this regulation is identical with the corresponding sections of Regulations 74, Involved In the Textile Mills Securities Corporation case, and Regulations 94, involved in the Mary E. Bellingrath case.