**Ralph C. and Mary J. BAGLEY**

v.

**UNITED STATES.**

**Civ. No. 4–70–CIV–293.**

United States District Court,
D. Minnesota.

June 7, 1972.

N. L. Newhall, Lindquist & Vennum, Minneapolis, Minn., for plaintiff.

R. C. Ackerman, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM DECISION

BOGUE, District Judge.

Plaintiff Ralph C. Bagley has been active in the Bagley Grain Company as an officer and director of the company since 1955. In 1954 and 1955, Bagley Grain Company paid a dividend of $8.00 per share. No dividends were paid from 1955 to 1965.

Prior to 1960 Ralph Bagley was married to Winifred Bagley, who is the mother of the four Bagley children. In September of 1960 R. C. Bagley married Mary Bagley. R. C. Bagley owned 49.-9% of the stock on Bagley Grain and Mary Bagley owned 11.5%. The remaining stock was owned by R. C. Bagley's sister, Martha Clifford (11.4%), a trust fund for the four Bagley children (19.6%) and by the Bagley children individually (7.6%).

In 1965, R. C. Bagley was paying alimony to Winifred and child support for the youngest Bagley child. In the divorce decree, R. C. Bagley was to pay al-

imony of $550 per month until remarriage or death of Winifred. In addition, R. C. Bagley was to pay child support of $100 per month per child, plus all expenses of education through college, including tuition, books, athletic equipment, transportation to and from school and incidentals. As an added condition of the alimony decree, Winifred was to automatically get 20% of any additional income received by R. C. Bagley in any year from the Bagley Grain Company by way of salary, bonus or dividend.

In 1965 and 1966 the Bagley Grain Company declared a dividend of $20 per share on all shares in the company except those owned by Ralph C. and Mary J. Bagley. The method of distribution was that of R. C. Bagley and he declined any dividend payments for himself and his wife. Because of this method of distribution of dividends Martha Clifford and the Bagley children received $12,329 more than they would have received had Ralph C. and Mary J. Bagley accepted their rightful share of the dividend. It is the defendant's contention that plaintiffs' gross income should include dividend income constructively received by plaintiffs. It is plaintiffs' contention that the dividend was never received actually or constructively by plaintiffs. Therefore, it should not be reported as gross income.

Dividends paid to a taxpayer from a corporation are considered to be gross income under the definition of gross income in 26 U.S.C.A. § 61(a)(7). While the dividends granted by the Bagley Grain Company are taxable as gross income, the question becomes whether the plaintiffs received any taxable dividends.

■■■■ A corporation does not have to declare a pro rata dividend. The fact that the dividends were not distributed on a pro rata basis will not cause the court to automatically reapportion the dividends on a pro rata basis and declare that the taxpayer stockholders are to be taxed in a pro rata manner. The fact that dividends were divided among the stockholders in proportions other than their respective holdings of stock in the corporation is not determinative of the issue before the court. Lincoln National Bank v. Burnet, 61 App.D.C. 354, 63 F.2d 131, 133 (1933). Mertens Law of Federal Income Taxation, Vol. 1, § 9.11. The case law which holds that a taxpayer is liable for income tax on a non pro rata dividend, involves instances where a taxpayer receives more than his pro rata share or else receives some economic benefit from the disproportionate distribution.

■■■■ The court's determination then must be whether taxpayers Ralph C. Bagley and Mary J. Bagley received any economic benefit from the distribution of dividends. If they have derived such a benefit, the taxpayers will be deemed to have received a constructive dividend and will be taxed accordingly. Taxpayer receives an economic benefit from a declaration of dividends if there is a corporate fulfillment of a personal obligation of a shareholder. Greenspon v. Commissioner of Internal Revenue, 229 F.2d 947 (8th Cir. 1956).

The court will look to the facts to determine whether the taxpayers received any economic benefit from the distribution of dividends. Commissioner of Internal Revenue v. Riss, 374 F.2d 161 (8th Cir. 1967). Economic benefit has been found when a corporation paid fines assessed against the owner, Sachs v. Commissioner of Internal Revenue, 277 F.2d 879 (8th Cir. 1960); the corporation paid life insurance premiums on a policy on the taxpayer's life. Paramount-Richards Theaters v. Commissioner, 153 F.2d 602 (5th Cir. 1946); the taxpayers distributed cash dividends to themselves and used this cash to purchase all of the stock of the corporation, Zipp v. Commissioner of Internal Revenue, 259 F.2d 119 (6th Cir. 1958).

Ralph C. Bagley supported the children who received the dividend. Each child received $1,000. The uncontroverted testimony established that each dividend payment was deposited into the savings account of each individ-

ual child. R. C. Bagley did not use the dividend monies in lieu of any regular payment to his children. The money was not used to buy his children anything or give them European trips. The money was not used to extinguish any moral or legal obligation to his children. There is no evidence that taxpayer used this dividend as a device to replace any benefits that he would otherwise have provided for his children. Likewise, Mary J. Bagley owed no moral or legal obligation to the children. The payment of dividends in no manner constituted an economic benefit to Mary J. Bagley.

The other portion of the dividends went to Ralph's sister, Martha B. Clifford. The testimony established that she was independently wealthy and was not dependent in any manner on the income from her shares in the Bagley Grain Company. Neither of the taxpayers had any personal moral or legal obligation to Mrs. Clifford and certainly received no economic benefit from the distribution of dividends to her. Therefore, there were no constructive dividends received by taxpayers under the economic benefit theory.

■ But in an instance such as the present one, the court must delve deeper than the economic benefit theory. Closely-held corporations must be scrutinized to determine whether familial ties are used as a basis for determining the manner and amount of corporate dividends. United States v. Estate of Grace, 395 U.S. 316, 89 S.Ct. 1730, 23 L.Ed.2d 332 (1969). When there are close family ties in the corporate structure, the court must also look to the possibility that gifts will be bestowed by taxpayers without any thought of economic benefit.

Although taxpayers Ralph C. Bagley and Mary J. Bagley received no economic benefit from the non pro rata distribution, they in essence gave their share of the dividends as a gift to their children. Taxpayers could have demanded and received their pro rata share of the declared dividend. Their waiver of dividend rights constituted, in essence, a gift to the children of Ralph C. Bagley. The court looks to the substance rather than the form of the transaction, Sachs v. Commissioner of Internal Revenue, supra.

■ In substance, taxpayer Ralph C. Bagley assigned his right to dividends to his sister and children as a gift. If a majority shareholder waives his dividend rights and the minority shareholders are related to him, the majority shareholder will be deemed to have received a constructive dividend. Rev.Rul. 56–431, CB1956–2, 171. Taxpayer R. C. Bagley will therefore be considered the donor and taxed accordingly on his gift to his relatives. Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 134, 85 L.Ed. 406 (1941); Rev.Rul. 56–431, CB1956–2, 171. The donor, R. C. Bagley, constructively received the dividend and gave it to his sister and children as a gift. Because of the familial ties, it is immaterial that Ralph C. Bagley received no economic benefit from the gift.

■ Mary J. Bagley was not the majority stockholder. She alone could not set the dividend policy. Also, the familial ties between her and shepchildren and sister-in-law is not so great as that of her husband. Therefore, she will be deemed to have waived her dividend and not received a constructive dividend.

■ Ralph C. Bagley has taxable income to the extent of his pro rata share of the dividends. R. C. Bagley owns 49.9% of the shares of Bagley Grain Company. He was thereby entitled to 49.9% of the total dividend ($20,080) which is $10,019.92. Mary J. Bagley has no additional taxable income.

■ The court is now confronted with the second issue in this case; that is, whether Mr. Bagley's gross income in the year 1966 should include $560.26 attributable to benefits received by Mr. Bagley from his split-dollar insurance arrangement. On September 16, 1963, Mr. Bagley and the Bagley Grain Company entered into a split-dollar insurance arrangement. Under this arrange-

ment Mr. Bagley obtained a $100,000 policy of life insurance on his life. The Bagley Grain Company was the owner of that life insurance policy. The Grain Company paid a portion of the annual premium equal to the increase in the cash value each year, and was the beneficiary under the policy to the extent provided in the policy. Mr. Bagley paid the remaining portion of the annual premium and had the right to name a beneficiary who would receive any proceeds above that payable to the Grain Company. The policy provided that dividends each year are to be determined by the insurance company and credited to the policy. Mr. Bagley and the Bagley Grain Company elected to have the insurance company use the credited dividends each year to purchase additional non-participating one-year term insurance. The policy further provided that any paid up additions may be surrendered at any time for their then present value which shall not be left in the original cash dividend. The yearly premium was $3,793 plus $144 for the waiver of premium endorsement. In 1966 Bagley failed to include in his income any amount representing any benefits received from this split-dollar insurance agreement. Upon audit the Commissioner included $560.26 in his income computed as follows:

| | |
|---|---|
| Dividends received | $ 619.26 |
| Cost of 1 yr. term insurance | 997.00 |
| | $1,616.26 |
| Less payment by Mr. Bagley | 1,056.00 |
| Included in income | $ 560.26 |

In 1955 the Commissioner of Internal Revenue issued Revenue Ruling 55–713 which stated that under a split-dollar insurance arrangement, no realization of taxable income by the employee would result from the payment of a portion of the premium by the employer, and the employer would receive no deduction for such payment. The ruling stated:

"In the instant case, the substance of the insurance arrangement between the parties is in all respects the same as if Y Corporation makes annual loans without interest, of a sum of money equal to the annual increase in the cash surrender value of the policies of insurance taken out on the life of B. The mere making available of money does not result in realized income to the payee or deduction to the payor."

In 1964 the Internal Revenue Service issued Revenue Ruling 64–328 which revoked Revenue Ruling 55–713. The new ruling departed entirely from the interest-free loan concept. Rather, the ruling looked to the substance of the arrangement to discern if any economic benefit was gained by the taxpayer by the split-dollar insurance arrangement. Under this new insurance evaluation approach, the taxable benefit received by the employee was held to be an amount equal to the one-year term cost of the life insurance protection to which the employee is entitled from year to year, less the amount, if any, paid by the employee. However, Revenue Ruling 64–328 stated that this new interpretation as to split-dollar arrangement would apply only to policies purchased under the split-dollar arrangement after November 13, 1964. The final paragraph of the revenue ruling states:

"The revocation is effective as to policies under split-dollar arrangements or utilized to establish such arrangements after November 13, 1964."

In 1966 the Internal Revenue Service expanded on its 1964 revenue ruling with Revenue Ruling 66–110. The latter revenue ruling sets forth the proper income tax treatment of policy-holder dividends paid on life insurance policies purchased under split-dollar arrangements. The government bases its theory of taxation on Revenue Ruling 64–328 and 66–110. They attempt to use a broad concept of "economic benefit", but the grandfather clause of Revenue Ruling 64–328 cannot be overlooked. That clause was intended to protect those who had relied on Revenue Ruling 55–713. When Mr. Bagley and the Bagley Grain Company set up the split-dollar insur-

ance arrangement in September of 1963, they were relying on the 1955 revenue ruling. The 1964 revenue ruling explicitly and unambiguously exempted the plaintiff from the scope of Revenue Ruling 64–328.

The Court, therefore, finds that plaintiff R. C. Bagley did not receive gross income in the amount of $560.26 from his split-dollar insurance arrangement.

The foregoing Memorandum Decision shall constitute this Court's findings of fact and conclusions of law.